UTICA,
July, 1830.

Benn
v.
Borst.

---

### BENN *vs.* BORST.

A *certificate of a justice's judgment*, to be competent evidence on the trial of a cause, must shew on its face that the justice rendering the judgment had jurisdiction as well of the person as of the subject matter of the suit.

ERROR from the Madison common pleas.    In an action of debt on judgment, the plaintiff in support of his declaration produced a certificate of a justice of the peace that at a court holden before him, at his office in the town of Middlebury, in the county of Schoharie, on the 17th day of April, 1817, Borst did, by the consideration and judgment of the said court, recover against Benn $15,75 in a certain plea of trespass on the case, for the damages and costs of Borst.    The certificate was objected to as insufficient to prove the judgment ; it was however received, and no other evidence being offered, the defendant moved for a nonsuit, which being denied, the plaintiff obtained a verdict, on which judgment was entered.

*Greene C. Bronson,* (attorney general,) for the plaintiff in error.    Certificates of the kind produced in this case being made evident by statute, they must confirm substantially to

its provisions. The justice must certify the proceedings in the cause; at least, so much thereof as to shew that he had jurisdiction of the subject matter and of the person of the defendant. The facts of his holding a court, and rendering a judgment in a plea of trespass on the case, are not enough, unless it also appears that he had jurisdiction of the person. This court have decided in *Jackson* v. *Tuttle*, 9 *Cowen*, 233, that a transcript of a justice's judgment, much less formal than the certificate in this case, was sufficient to authorize the clerk of the common pleas to docket such judgment; but the statute in that case is silent as to what the transcript shall contain: not so as to the certificate. If the certificate is to be the sole evidence on which to found a recovery, it must contain enough to shew that a judgment was duly rendered. Parol evidence by the justice as to the facts contained in this certificate would not entitle the plaintiff to a recovery, without additional proof shewing that the justice had jurisdiction of the person.

*J. A. Spencer*, for the defendant. The justice certifies that a judgment was rendered by him in favor of one party against another, in an action of which he had jurisdiction, to wit, an action of trespass on the case. He therefore had jurisdiction of the subject matter, and the court will intend that he had jurisdiction of the person also; for he certifies that the judgment was rendered at a court holden before him. A *court* could not regularly be held unless the parties were properly before him; and it will not be intended that he acted unlawfully: on the contrary, every presumption will be indulged in favor of the fairness and legality of the proceedings. The same technicality is not required in the forms of proceedings of those subordinate judicial officers which is exacted from officers of the higher courts. If a literal interpretation be given to the act, no certificate is good unless all the proceedings, the summons, the venire, the evidence, and all the other proceedings be certified. This could not have been the intention of the legislature. All the effect that is asked to be given to the certificate is, that it shall be *prima facie* evidence of the facts contained in it. If it is admitted that a much less

formal certificate is sufficient to authorize the docketing of a judgment, this ought to be received as evidence in the establishment of a demand, where the party sought to be charged by it is present, and has an opportunity to impeach it.

*Bronson*, in reply. The very point of the objection to the evidence is that it is received as *prima facie*, throwing the burden of proof of its illegality upon the defendant. It is the duty of a plaintiff seeking to enforce a judgment, at least to shew on its face that it is a valid judgment.

*By the Court*, SAVAGE, Ch. J. The statute under which the justice's certificate was granted declares that the official certificate of a justice of the peace certifying the proceedings, judgment and execution in a cause in which judgment has been rendered by him shall be good and legal evidence of the facts contained therein. *Laws of* 1824, *p.* 292, § 29. The object of this provision was to facilitate the proof of justices' judgments, and to render unnecessary the personal attendance of justices to testify to judgments rendered by them. If, therefore, the same effect is asked to be given to a certificate as would be claimed from the testimony of the justice, did he appear as a witness in court with his docket, the certificate should, on its face, shew that the justice had jurisdiction both of the person and the subject matter. The object as well as the phraseology of the section creating this species of evidence is widely different from the section of the same act relative to the *transcripts* of justice's judgments; that simply enacts that the justice shall furnish to the prevailing party a transcript of the judgment to enable him to have it docketed by the clerk of the county, who is authorized in due time to issue an execution thereupon. *Laws of* 1824, *p.* 290, § 20. Where a certificate of a judgment is offered on the trial of a cause as evidence of a judgment duly rendered, unless the party sought to be charged thereby is prepared to impeach the judgment, he is forever estopped: wherefore the certificate ought, at least on its face, to import that it was duly rendered. Such appears to have been the intent of the act when it speaks of the *proceedings* being certified, viz. that such proceedings should be certified as would shew that the

justice had jurisdiction; not that the first process in the cause or the evidence given on the trial should be certified; the one would be wholly useless, and the other unnecessary, as the merits of the judgment could not be enquired into collaterally, but the jurisdiction of a court rendering a judgment is always a subject of enquiry in every other court in which such judgment is sought to be enforced. I am therefore of opinion that the certificate produced was insufficient to authorize a recovery, and that the judgment should be reversed, and that a *venire de novo* be awarded by the common pleas.