## Foster *vs.* Hazen.

12b 547
25ap 11

A plea, justifying an arrest upon a warrant issued by a justice of the peace, in a civil suit, need not alledge that the suit in which the warrant was issued was brought before a justice of the town where either of the parties resided, or before a justice of the town in the same county, next adjoining the residence of one of the parties; or that the defendant had absconded, &c.

Nor is it necessary to alledge that at the time of issuing the *summons* by which such suit was commenced, the defendant was a resident of the county in which the justice resided.

The eighth section of the act respecting courts held by justices of the peace, (2 *R. S.* 226,) which contains a limitation of the general jurisdiction conferred by the first section, (*Id.* 225,) is in the nature of an *exception* in a statute; to obtain the benefit of which it must be pleaded by the party seeking to bring himself within its provisions.

No presumption will be indulged in order to oust a justice of the peace of jurisdiction, where enough is shown to bring the case within the general language of the statute which confers the jurisdiction.

Where a constable returns a summons "served by copy," without stating whether such service was a personal service by copy, or by leaving a copy, the return will not be held, in a collateral action, to be such a departure from the requirements of the statute as to amount to a jurisdictional defect.

And if the defendant does not appear, at the return day of the summons, or show good cause for not appearing, the justice will be authorized to issue a warrant.

The court will not assume the existence of a fact not alledged by either party, in order to render null the proceedings of an inferior court.

Accordingly *Held* that it was not a good cause of demurrer to a plea justifying an arrest upon a warrant issued by a justice of the peace, in a civil suit, on the return of a summons, that the plea did not alledge that the summons therein mentioned was the first summons issued in the suit; or that the warrant was issued on the return of the first summons, or on the return of the summons mentioned. But that if the summons set forth in the plea was not the first one issued in the cause, or if the warrant was not issued on the return of the summons set forth, the plaintiff should have shown it, in pleading.

A plea to the whole declaration can not be sustained, unless it amounts to a legal answer to each and all of the counts.

Where, in an action for assault and battery and false imprisonment, the plea assumes to answer the whole declaration, but only justifies the imprisonment, and does not answer the beating charged in two of the counts, such plea will be held bad, on general demurrer.

Demurrer to plea. The action was commenced in the court of common pleas of Monroe county in March, 1847, and became

transferred into this court by the operation of the new constitution. The declaration contained four counts, all of which were for assault and battery and false imprisonment. The second and fourth counts, among other things, charged that the defendant "then and there beat and bruised and ill treated the said plaintiff," &c.

The defendant pleaded, first, not guilty, &c. ; second, a justification, in substance as follows : That the defendant, having a cause of action in trover against the plaintiff, setting it forth particularly, for the purpose of enforcing the same, sued out a summons before Henry L. Smith, a justice of the peace of Monroe county, which summons was issued and dated March 9th, 1847, returnable the 19th of the same month, and required the plaintiff to answer the defendant in a plea of trespass on the case, to his damage $100 or under ; which summons was on the same day delivered to one Joel B. Palmer, a constable of said county, to be served in due form of law. The plea then stated that on the 13th day of March, 1847, the constable duly served the summons according to the form of the statute in such case made and provided, by leaving a true copy thereof with a member of the plaintiff's family at his last place of abode, of suitable age and discretion, whom the constable informed of the contents of said summons, the said plaintiff not being found, and afterwards indorsed in writing on the back of said summons, the time and particular manner of such service, under his hand, in substance and effect following, viz.: " Served by copy, March 13, 1847. Joel B. Palmer, constable." And afterwards, to wit, on the said 13th day of March, 1847, returned the summons to the said justice so indorsed. That on the 19th day of March, the return day of the summons, at the hour named therein for that purpose, the said defendant appeared before the justice, and the plaintiff did not appear, and did not show good cause for not appearing ; whereupon the said justice, at the request of the defendant, issued a warrant in favor of the defendant against the plaintiff, in further prosecution of the suit so commenced by the said summons ; upon which warrant the plaintiff was arrested by the said constable, and by him taken before the said justice,

which were the supposed trespasses mentioned in the declaration, &c. The plea set out the summons and warrant particularly, and contained statements of other facts in detail, not necessary to be here enumerated.

The plaintiff demurred to the said second plea, and assigned the following causes of demurrer : 1st. That said plea did not aver that the amount of damages claimed in the action, commenced by Hazen against Foster, and in which said summons was issued, did not exceed $100. 2d. That said plea did not show that such action was brought before a justice of the town wherein either of the parties resided, or before a justice of a town in the same county, next adjoining the residence of either of the parties ; nor did it show that Foster had absconded from his residence, and that either he or his property was in the town of which Smith was a justice, at the time said action was commenced ; nor did it appear from said plea, that either of the parties to said suit was a resident of said county of Monroe, and that such party was in the town of which said Smith was a justice, at the time said suit was commenced. 3d. That said plea did not aver that Foster, at the time of the issuing of the said summons, was a resident of the county of Monroe. 4th. That said plea did not aver that it was in any way made to appear to said justice whether the service of said summons by copy, as mentioned in the constable's return, was a personal service by copy, or by leaving a copy. 5th. That said plea was argumentative in this, to wit, that it averred that said Foster failing to appear, as he was in said process of summons commanded, &c. instead of averring that he failed to appear, at the time in said plea mentioned, in said summons. 6th. That the return of the constable to the summons did not show the particular manner in which he served the summons ; nor did said plea state that said constable returned, or that it was made to appear to said justice, that said summons was served in the particular manner in which the plea averred the same was served. 7th. That said plea did not aver that said summons was the first summons issued in said suit, or that the warrant mentioned was issued on the return of the first summons in said suit ; nor did it aver that

the warrant was issued on the return of the summons mentioned. 8th. That said plea did not aver that any affidavit was ever presented to said justice, upon which said warrant was issued; or that said warrant was issued upon any affidavit whatever. 9th. That said plea did not aver that the cause of action, for which said summons and warrant were issued, did not arise upon contract. 10th. That said plea did not aver that it was in any way made to appear to the justice whether said cause of action arose upon contract or not.

The defendant joined in demurrer.

*J. L. Angle,* for the plaintiff.

*H. R. Selden,* for the defendant.

*By the Court,* WELLES, P. J. The first cause of demurrer specified, is unfounded in fact. The summons required the defendant therein, Foster,) to appear, &c. to answer, &c. in a plea of trespass on the case, to the plaintiff's damage, $100 or under, &c. The damages claimed did not exceed $100. The justice therefore had jurisdiction, so far as the question of the amount was concerned. The second cause of demurrer assigned is, that the plea does not show that the action, in which the summons, upon the return of which the warrant was issued, was brought before a justice of the town where either of the parties resided, or before a justice of a town in the same county, next adjoining the residence of either of the parties; nor that Foster had absconded, &c. The first section of the act, entitled "of courts held by justices of the peace," (2 *R. S.* 225,) gives jurisdiction to justices generally in certain specified cases, embracing the subject matter of the action, in which the summons mentioned in the plea, was issued. The 8th section contains the limitation in question. We think it is in the nature of an exception in a statute, to obtain the benefit of which, it must always be pleaded by the party seeking to bring himself within its provisions. No presumption will be indulged in order to oust the justice of jurisdiction, where enough is shown to bring the case within

Foster *v.* Hazen.

the general language of the act which confers the jurisdiction. We are referred to the case of *Tiffany* v. *Gilbert,* (4 *Barb. S. C. Rep.* 320,) as deciding this question for the plaintiff. Without questioning the law of that case, it is sufficient to observe, that the question there did not arise collaterally, as here, but came up directly in review upon a special assignment of the fact, as error. The above mentioned rule, that the fact which deprives the justice of jurisdiction, will not, under the circumstances, be presumed, could not have applied in that case, because the fact was shown in the assignment of errors, and was admitted upon the record. In the same case the court say, " the jurisdiction was made local by statute ; not in such a sense as to render the judgment *coram non judice,* as though a justice had entertained jurisdiction in an action of slander, but in a sense that rendered the judgment erroneous."

The same reasoning disposes of the third cause of demurrer assigned, in favor of the defendant. (*See Hoose* v. *Sherrill,* 16 *Wend.* 33.)

As to the fourth cause of demurrer, the plea shows that the constable duly served the summons, &c. by leaving a true copy, &c. with a member of the family of Foster, at his last place of abode, &c. with information of its contents, " the said William Foster not being found ;" and that a constable indorsed a return in writing on the back of the summons, of the time and particular manner of service, &c. in substance and effect following, viz. " Served by copy, March 13th, 1847, Joel B. Palmer, const." Whatever might be said, if the case was before us in review of the proceedings of the justice, on writ of error, we think it clear, that the return of the constable is not shown to have been such a wide departure from the statute, as to amount to a jurisdictional defect. (*Bromley* v. *Smith,* 2 *Hill,* 517.) The averment in the plea, of the facts, aside from the return of the constable, on the summons, shows a strict compliance with the statute. The return was, " served by copy, March 13th, 1847." The 18th section of the act authorizes a warrant " against the defendant upon whom a summons shall have been served only by leaving a copy, or in any other way than by reading or

delivering a copy to him personally, and who shall not have appeared at the time and place appointed in such summons, nor shown good cause for not appearing." The return of the constable shows that the summons was served, but does not show, nor does it appear that it was served by reading or delivering a copy personally; and the plea shows that Foster did not appear, or show good cause for not appearing, &c. It therefore did appear before the justice, by the constable's return, that the summons was served otherwise than by reading, or delivering a copy personally; and Foster not appearing, &c. nor showing cause, &c. the way was clear for issuing a warrant.

In regard to the fifth cause of demurrer, the same difficulty exists, as to the first, viz. a want of foundation in fact. The plea does aver that the said William Foster did not appear, nor show good cause for not appearing.

The observations in relation to the fourth cause of demurrer, dispose of the sixth, in the defendant's favor. (*Hart* v. *Seixas,* 21 *Wend.* 47. *Bromley* v. *Smith, and Hoose* v. *Sherrill, supra.*)

As to the seventh cause of demurrer, in the language of the defendant's sixth point, " The court will not assume the existence of a fact not alledged by either party, in order to render null the proceedings of an inferior court." If the summons set forth in the plea, was not the first one issued in the cause, or if the warrant was not issued on the return of the summons set forth, the plaintiff should have shown it in pleading. (*See the authorities last cited.*)

There is nothing in the remaining three causes of demurrer assigned. They are utterly frivolous. Besides, the last two are untrue.

There is, however, one ground of demurrer not adverted to in the special causes assigned, but which was urged upon the argument, and which we think is good; to wit: that the plea, which assumes to answer the whole declaration, only justifies the imprisonment, and does not answer the beating charged in the second and fourth counts. The plea is to all four of the counts, and can not be sustained, unless it amounts to a legal answer

to each and all of them. If there was no beating committed in executing the warrant, the plea should have denied the beating alledged; or if beating became necessary in consequence of the conduct of the plaintiff, such, for example, as resisting its execution, the plea should have shown the facts, and pleaded *molliter manus imposuit*, as to the beating, in order to execute the warrant, and should have denied the residue of the trespasses alledged in the declaration, except what the plea justified.

There must, therefore, be judgment for the plaintiff on the demurrer, with leave to the defendant to amend, &c. And as the plea is adjudged bad, for a cause not specified in the causes of demurrer assigned, such amendment may be without costs. (*Law rule* 82, *rules of July,* 1847.)

Ordered accordingly.

[MONROE GENERAL TERM, September 2, 1850. *Welles, Selden* and *Johnson,* Justices.]