## BARNES *vs.* HARRIS.

A court having authority to issue process *prima facie* acquires jurisdiction of the person of the defendant, by a personal service of such process in the manner required by law.

The process of warrant or attachment in a justice's court is extraordinary, and can issue only on special application, and upon the proof required by law.

But a summons is the ordinary process of the court, and issues on the mere suggestion of the plaintiff.

The mere request of the plaintiff for a summons is equivalent to a *plaint levied,* [375] which, according to the old law was all that was required to give jurisdiction of the person of the defendant.

The authority therefore of a justice of the peace to issue a long summons on the request of the plaintiff, is as ample as to issue a warrant or attachment upon a special application and proof required by law.

In declaring upon a judgment rendered by a justice in a suit commenced by long summons, it is not necessary to alledge that the defendant was a resident of the county. The summons having been duly issued and served by a constable of the county, the defendant is prima facie amenable to the jurisdiction. If in point of fact the defendant is not a resident of the county, and therefore not amenable to that process, it seems that he should appear and take the objection.

A person having no legal residence any where, it seems, may be sued by long summons. That process is appropriate unless the defendant is a *non-resident* of the county.

In declaring on a justice's judgment rendered in a suit commenced by summons alledged to be duly issued and served, it is not necessary to aver that the summons was returned to the justice, or that the constable made a return thereon, or that any time of day was specified in the process, or that a court was held at the time and place specified, or that the sum claimed was less than one hundred dollars.

BARNES brought an action of debt in the supreme court against Harris, upon a judgment rendered by a justice of the peace. The declaration alledged that on the 17th day of May, 1844, at Norwich, in the county of Chenango, the said plaintiff, by the consideration and judgment of Harvey Hubbard, Esq., then and yet a justice of the peace of the said town of Norwich, in and for the said county of Chenango, and then and there sitting

and acting as such justice, pursuant to the statute, recovered against the said defendant the sum of $100 damages and ninety cents costs, in an action of assumpsit founded upon contract, then lately commenced by the said plaintiff against the said defendant, before the said justice, by summons duly issued by the said justice on the 8th day aforesaid, returnable at the office of said justice in Norwich aforesaid, on the said 17th day of May, 1844 ; which said summons more than six days before the return day thereof was personally served on said defendant by a constable of said county, which said damages and costs were adjudged to the said plaintiff by the said justice then and there, and of which the said defendant was convicted as by the docket, &c. [376] and which said judgment still remains unpaid, &c. Whereby, &c. The defendant demurred to the declaration, and assigned for causes that the justice had no jurisdiction to render the judgment ; that it did not appear that any return was made on the summons issued by him, or that such summons was in fact ever returned, or that any court was held by the justice at the time and place specified, *or that the defendant was a resident of the county of Chenango,* or that the summons claimed or demanded less than one hundred dollars, or that any time of day was specified in the summons, or that the defendant appeared to the suit. The plaintiff joined in demurrer. The supreme court sitting in the sixth district held the declaration good and overruled the demurrer. After judgment the defendant appealed to this court.

*S. Beardsley,* for appellant.

*N. Hill, Jr.* for respondent.

GARDINER, J. The only objection to the declaration, which is important to be considered, is, that it does not state facts necessary to give the justice jurisdiction of the person of the defendant. It may be assumed as a principle, to which it is believed there is no exception, that a court having authority to *issue* process, acquires jurisdiction of the person of the defendant, prima facie, by a personal service of that process upon him

Barnes v. Harris.

in the manner required by law. The 11th section of 2 R. S. 226, 2d ed. provides among other things, that suits in a justice's court may be instituted by process, which shall be a summons, warrant, or attachment. The form of the summons, the mode of service and return are prescribed in the 14th, 15th and 16th sections of the act. It is the ordinary process of the court. The warrant and attachment are extraordinary, and can only issue upon a special application, (§§ 17, 26,) and upon proof of circumstances showing the grounds of such application. (2 R. S. 160, 201, 203, §§ 19, 28, 17, 292, 301, 2d ed.) All that is necessary to authorize the issuing of a summons is the mere suggestion of the plaintiff that he has a demand against the defendant, falling within the second section, defining the [377] jurisdiction of the court. The justice is not at liberty to decline jurisdiction, except under the special circumstances mentioned in the 7th section; in all others, by necessary implication, he is obliged " to take cognizance of the action." The plaintiff is not bound even to alledge, much less to prove, that the defendant is a resident of the county, the statute neither authorizing or providing the means for obtaining the evidence. In a word, a request for process by or in behalf of a plaintiff for a cause of action within the 2d section, is equivalent in effect to a plaint levied, according to the old cases, which was in substance a statement of the demand and prayer of process. (1 Saund. by Wms. 87, 90, n. 1; Cowp. 10; 3 T. R. 185.) A plaint levied was all that was required, not only to obtain the writ, but all that was necessary to alledge in declaring upon the judgment, to give jurisdiction of the person. (1 Saund. 92; Cowp. supra.) The request referred to, which under our statute is a substitute for the plaint, is substantially alledged by the averment, that the plaintiff commenced the suit before the justice in an action of assumpsit, upon contract, by summons duly issued, &c. The authority to issue a long summons, the ordinary process of the court, is as ample under such circumstances, as to issue a warrant or attachment upon a special application, and the proof required by law. In the latter cases, it has always been held that when the proof has been given the jurisdiction

attaches, however the fact might be; and upon due service of the process issued, the defendant will be concluded by the judgment subsequently obtained, unless he appears and takes his objection. (10 *Wend.* 200, 360.) The summons therefore, was lawfully issued by the magistrate.

The declaration also alledges, that it was personally served upon the defendant by a constable of the county, &c. This means, so far as regards the officer, a legal service, which could only be made in the county. (§§ 14, 15.) The defendant being found within the territorial limits of the court, must be held, prima facie, amenable to its jurisdiction, by virtue of its ordina-[378] ry process. It is said that we can presume nothing in favor of the jurisdiction of an inferior court. Neither can we presume any thing against it. Now that the defendant was *in* the county when the process was served, is a *fact* admitted by the demurrer. As nothing is to be intended, we are not at liberty to infer from that fact that he was a resident; nor can we presume that he had a residence elsewhere; and if neither presumption is indulged, the defendant would be found *in* the county without having a legal residence any where. This is no uncommon occurrence. But in that event he was properly sued by summons, as none are exempted from that process by statute, but those who "shall reside out of the county." (2 *R. S.* 2d ed. § 292.)

Again, if the residence of the defendant must be averred, it must also be proved. It can not be shown by the docket of the magistrate, for although it is the foundation on which the proceedings rest, as the defendant insists, no record of the fact is directed or authorized by the statute. (2 *R. S. supra*, § 243.) The preliminary proceedings to authorize the issue of extraordinary process, must be in writing and kept by the justice, as the revisers inform us, for his protection. (*Reviser's Notes to* § 5; 3 *R. S.* 681, 2d ed.; 2. *id.* § 250.) But according to the view of the defendant, proof of all the proceedings, from the application of the plaintiff for a summons to the rendition of the judgment, unless the defendant appeared, would not be even presumptive evidence in favor of the magistrate or any one else.

If a warrant or attachment is applied for, *evidence tending* to prove the fact of residence is sufficient to give jurisdiction. (10 *Wend.* 200, 360.)  But in case of a summons, the *fact itself* is made jurisdictional without any means of ascertaining its existence.

These are some of the inconveniences resulting from the doctrine contended for by the defendant; others will readily suggest themselves.  They seem to have had some influence with our courts; for without adverting to *Smith* v. *Mumford,* (9 *Cowen,* 26,) and *Stiles* v. *Stewart,* (12 *Wend.* 473,) the point [379] was distinctly presented and decided in *Hoose* v. *Sherrill,* (16 *Wend.* 33,) and in *Bromley* v. *Smith,* (2 *Hill,* 518.)  And in *Cornell* v. *Barnes,* (7 *Hill,* 37,) the form of a declaration upon a judgment of this sort was indicated, and it was said that to give jurisdiction of the person, " the plaintiff must aver, either that the defendant appeared, or that process was sued out and duly served upon him."  And the learned reporter in a note reviewing the authorities, remarks, " that the plaintiff should begin by alledging the issuing and service of the summons, &c. by which the suit was commenced, and then pass by *t* *. :er processum fuit,* to the rendition of the judgment."  This has been done in this case.  And we think that enough has been alledged to show, prima facie, a valid judgment.  The judgment must be affirmed.

Ruggles, Hurlbut, Harris, Pratt, and Gray, Js. concurred, and Harris, J. delivered an opinion in favor of affirmance.

Bronson, Ch. J. (dissenting.)  The principles involved in this case are too important to allow them to be disregarded, without saying a word in their defence.

It is an established rule in our law, that no court can give a valid judgment, unless it has jurisdiction of the subject matter in controversy, and has acquired jurisdiction over the person of the defendant, in the mode prescribed by law.  When a court acts without jurisdiction, either as to subject or person, its proceedings are not only erroneous, but absolutely void; and may be attacked in a collateral action, as well as by way of review.

The rule extends alike to all courts and officers, from the highest to the lowest. If it were not so, there would be a power in the state above the laws, which is a despotism. There is, however, this difference between superior and inferior courts : the jurisdiction of the former is presumed until the contrary appears ; whereas the latter must show their jurisdiction ; it will not be presumed. After the authority of an inferior court to act has been proved, liberal intendments may be made in favor of the [380] regularity and justice of its proceedings ; but such intendments are not made in relation to jurisdiction. This distinction between superior and inferior courts is well established ; indeed, it is as old as our law.

In pleading the judgments and proceedings of courts and officers of special and limited powers, jurisdiction must be shown ; and it is not enough to aver in general terms that they had jurisdiction, but the facts on which jurisdiction depends must be stated. It will not do to say that a justice of the peace had jurisdiction, and gave judgment ; but it must be shown how he acquired jurisdiction : to wit, by voluntary appearance, or the issue and service of legal process.

These points have not only been adjudicated in a great number of reported cases, but they have been acted upon in hundreds of others, which have not found their way into the books. They are rules of every day application in the administration of justice : and although they have been either forgotten or disregarded in a few instances, the cases of the kind to be found in the books are not enough to make more than a ripple on the great current of authority. Several cases in point on the principles in question are mentioned in the dissenting opinion which was delivered in *Hoose* v. *Sherrill*, (16 *Wend.* 36 ;) and I will add now several other cases to the same effect, which have been adjudged in the courts of this state since that time. (*Stewart* v. *Smith*, 17 *Wend.* 517 ; *Nicoll* v. *Mason*, 21 *id.* 339 ; *Bloom* v. *Burdick*, 1 *Hill*, 130 ; *Schneider* v. *McFarland*, 2 *Comst.* 459, *S. P.* ; *Dowd* v. *Stall*, 5 *Hill*, 186 ; *Sackett* v. *Andross*, *id.* 327 ; *Harriot* v. *Van Cott*, *id.* 285 ; *Van Etten* v. *Hurst*, 6 *id.* 311 ; *Bowne* v. *Mellor*, *id.* 496 ; *Cornell* v. *Barnes*, 7 *id.* 35 ;

Barnes *v.* Harris.

*The People* v. *Koeber, id.* 39; *Ford* v. *Babcock,* 1 *Denio,* 158; *Whitney* v. *Shufelt, id.* 592; *Seymour* v. *Judd,* 2 *Comst.* 464; *Burckle* v. *Eckhart,* 3 *Denio,* 279; *affirmed,* 3 *Comst.* 132; *Corwin* v. *Merritt,* 3 *Barb.* 341; *Staples* v. *Fairchild,* 3 *Comst.* 41; *Turner* v. *Roby, id.* 193.) Other cases might be added, but I will not take the trouble to collect them. The points in question not only stand upon principles which can not be safely abandoned, but they are firmly established by authority, [381] if any thing can be regarded as settled by many well considered precedents.

Now what has the pleader done in this case by way of showing the facts on which the jurisdiction of the justice to render the judgment depended? He says that a summons was issued on the 8th, and made returnable on the 17th day of May; and was personally served on the defendant more than six days before the return day. That is very well if the defendant resided in the same county with the justice; but if the defendant resided in another county, he was only liable to be proceeded against by short summons or short attachment, running not more than four days; (*Stat. of* 1831, *p.* 403, § 33;) and the pleader has not told us where the defendant resided. There is a total defect of allegation as to one of the material facts on which the jurisdiction of the justice to give the judgment depended; and the declaration is not a whit better than it would be if every thing relating to jurisdiction had been omitted. If the defendant was a non-resident of the justice's county, it is not only clear upon general principles that this long summons could give the justice no authority to act, but the legislature has declared in express terms, that if a non-resident defendant shall be proceeded against otherwise than by short summons or short attachment, "the justice shall have no jurisdiction of the cause." (§ 33, *supra.*) We can no more presume that the defendant was a resident of the justice's county for the purpose of making the long summons good, than we could presume that he was a non-resident had a short summons been pleaded. It has been shown already that it is not a case for indulging in presumptions of any kind; but the facts which show jurisdiction must

be alledged.   If authorities are to be followed, or principles regarded, the pleading is bad.

But it is said that if the proper process was not issued, the defendant should have appeared before the justice and made the objection ; and having neglected to do so, the judgment is valid. This doctrine depends for its support on two or three cases to which allusion has already been made, *Hoose* v. *Sherrill*, (16 *Wend.* 33,) and *Bromley* v. *Smith*, (2 *Hill*, 217,) as standing [382] in conflict with the strong current of authority on the subject.   Let us now see how much this new mode of getting jurisdiction is worth upon principle.   A defendant may be called into a justice's court in five different ways : by warrant, long attachment, short attachment, long summons and short summons, acording to the circumstances of each particular case.   There is no authority to issue the different kinds of process indiscriminately, but only to issue one kind or another, as the facts of the particular case may warrant.   And yet the argument we are considering comes to this ; the justice may disregard the statute under which he acts, and issue what kind of process he pleases ; and he will get jurisdiction, unless the defendant appears and objects that the law ought not to have been thus violated.   It results from the doctrine, that though I am only liable by law to be sued by summons, my property may nevertheless be seized by attachment, or my body be arrested by warrant ; and these illegal acts will give the justice jurisdiction to render a valid judgment against me.   Or, if I am in a journey, out of my own county, and only liable by law to be delayed four days, at the most, to answer a short summons, yet I may be delayed twelve days to answer a long summons.   And although the legislature has expressly declared that in such a case " the justice shall have no jurisdiction," (§ 33, *supra*,) yet the argument is, that I must stop in my journey, go before the justice, and tell him he has no right to act ; and if I omit to do so, he will, some how or other, get jurisdiction to give a valid judgment.   The rule formerly was, that where there was no legal process, there must be a voluntary appearance to confer jurisdiction ; but now we are told that a refusal to appear will answer the purpose.   Such

. Barnes *v.* Harris.

a doctrine has no principle whatever to stand upon ; and I deny that it has any foundation in our law. A justice of the peace can not give a valid judgment, until after the defendant has either appeared voluntarily, or been brought into court by legal process. Lawless power belongs to despots and the mob ; and not to the officers of a free people.

I will now refer a little more fully to a few cases for the purpose of showing, that the general rules which have been mentioned have been carried out in practice, and that inferior [383] courts can only acquire jurisdiction over the person of the defendant by pursuing the forms prescribed by law. If a justice of the peace issue an attachment without first taking the proof which the statute requires, the judgment which he renders will be void for want of jurisdiction, and he may be sued as a trespasser. ( *Vosburgh* v. *Welch*, 11 *John.* 175 ; *Adkins* v. *Brewer*, 3 *Cowen*, 206.) And if he issue a warrant without the proof required by law, he acts without jurisdiction. (*Loder* v. *Phelps*, 13 *Wend.* 46.) When a summons is the proper process, a warrant issued by the justice is irregular and void, and gives no jurisdiction over the person of the defendant. (*Gold* v. *Bissell*, 1 *Wend.* 210.) It is not enough that there be regular process of summons, and a return of personal service, but the return must follow the requirement of the statute, and show when the service was made, so that it may appear that the defendant has had full legal notice. " It is a regular return only that can give jurisdiction." (*Stuart* v. *Smith*, 17 *Wend.* 517 ; *Wheeler* v. *Lampman*, 14 *John.* 481.) When a warrant issues, or process in the nature of a warrant, it is not enough that the defendant is summoned, and a regular return is made upon the warrant ; the defendant must be actually brought into court, or the justice will have no jurisdiction, and the judgment which he renders will be void. (*Colvin* v. *Luther*, 9 *Cowen*, 61 ; *Bigelow* v. *Stearns*, 19 *John.* 39.) In the last mentioned case Ch. Justice Spencer remarked : " It is no answer to say, that being summoned, he might appear. It was the duty of the justice to cause him to be brought before him." The remark goes on the ground, that if the justice do not strictly pursue his authority in every particular, he will not gain jurisdic-

tion of the person of the defendant. A striking exemplification of the principle will be found in the case of *Reynolds* v. *Orvis*, (7 *Cowen*, 269,) where the justice issued a warrant for the ex amination of a pauper, who was brought into court, examined, and removed to another town by order of the justice and another magistrate who sat with him. But for the reason that the warrant was delivered to, and served by a constable of another town [384] than that mentioned in the statute, though in the same county, it was held that the justice acquired no jurisdiction, and was liable in an action for false imprisonment. Woodworth, J. in delivering the opinion of the court said—"When a rule is laid down for the government of inferior jurisdictions, we are not at liberty to inquire whether it can be safely departed from : whether the mode pursued is equally beneficial to the party, as that pointed out by the statute. The answer to arguments of this kind is, that the law has prescribed the manner in which the person of the pauper may be apprehended. If the appearance of the pauper is not voluntary, jurisdiction of his person can not be acquired, unless the course prescribed is pursued." Where a party residing out of the state was sued by summons, instead of a warrant, which was the proper process, the judgment was held erroneous, (*Dowd* v. *Stall*, 5 *Hill*, 186 ;) and was undoubtedly void. If a non-resident of the county is sued by a long, instead of a short summons, the judgment is void. (*Hamott* v. *Van Cott*, 5 *Hill*, 285.) And if a non-resident is sued by a long attachment, instead of a short one, the proceeding is void. (*Bowne* v. *Mellor*, 6 *Hill*, 496.) If a short attachment be pleaded, the plea will be bad if it do not aver that the defendant was a non-resident, even though it state that an affidavit was made of that fact. (*Van Etten* v. *Hurst*, 6 *Hill*, 311.) And where a non-resident is suable by warrant, a plea justifying an arrest by warrant must state the fact that the defendant was a non-resident : it is not enough that the plea alledges that an affidavit of the non-residence was made before the justice. (*Whitney* v. *Shufelt*, 1 *Denio*, 592.) It was very justly remarked by Jewett, J. in that case, that the party who invokes the exercise of the jurisdiction of an inferior tribunal must, in justifying, aver

Barnes *v*. Harris.

the *actual existence* of the material facts upon which the jurisdiction depends. Most of these cases are fully in point, and others to the same effect might be added : but I will content myself with showing that this court has repeatedly affirmed the doctrine that courts and officers of special and limited powers can only acquire jurisdiction by strictly pursuing the authority conferred upon them. If a surrogate order the sale of lands which have descended to infants, for the payment of the debts of their [385] ancestor, without appointing a guardian for the infants in the manner prescribed by the statute, the proceedings will be void for the want of jurisdiction over the persons of the infants, and no title will pass to the purchaser. (*Schneider* v. *McFarland*, 2 *Comst*. 459. *And see Bloom* v. *Burdick*, 1 *Hill*, 130 ; *Corwin* v. *Merritt*, 3 *Barb*. 341.) In proceeding by attachment against a non-resident debtor, if the creditor do not in his application follow the statute, and show in plain terms that he resides within this state, or that the debt arose upon a contract made within this state, the judge will not acquire jurisdiction ; and a sale of the debtor's property under the proceedings will be utterly void. (*Staples* v. *Fairchild*, 3 *Comst*. 41.) And in *Turner* v. *Roby*, (3 *Comst*. 193,) this court passed upon a pleading of the very same character as the one under consideration and adjudged it bad. If we have no respect for the opinions of others, we ought, at the least, to have some regard for our own.

We are told that a justice's judgment may be proved by a transcript from his docket ; and that the docket, as prescribed by the statute, may not show jurisdiction. (2 *R. S.* 268, §§ 243, 246.) Although the statute does not in terms require, it fully authorizes the justice to enter every thing in his docket necessary to show jurisdiction, both as to subject and person ; and if he omit to do so, neither the docket, nor a transcript from it, will prove the judgment valid. The statute says the transcript " shall be evidence to prove the facts stated in such transcript." It is good so far as it goes, and no further. If it omit to show jurisdiction of the person, either by voluntary appearance or regular process, the fact must be established by other evidence —as by producing the process, and proving the residence where

that is a material fact. Although a justice can not give parol evidence of a judgment without producing his docket, (*Posson* v. *Brown*, 11 *John.* 166; *Boomer* v. *Lane*, 10 *Wend.* 525;) there is no room for doubt that he may produce process and papers, and testify to facts not appearing on the docket. And if the docket or transcript do not show jurisdiction, further evidence must be given. In *Brown* v. *Cady*, (19 *Wend.* 477,) which was [386] an action of debt on a justice's judgment, a copy of the docket was given in evidence; but as it did not show jurisdiction over the person of the defendant, the justice was examined to make out the fact of regular process; and the common pleas thought the fact sufficiently proved, and the plaintiff recovered. But the judgment was reversed by the supreme court, on the ground that the fact of regular process, giving jurisdiction over the defendant's person, was not sufficiently established. It had been decided long before that time, in *Benn* v. *Borst*, (5 *Wend.* 292,) that the transcript is not sufficient evidence of the judgment, unless it show jurisdiction of both subject and person. And besides, the question here is not how a judgment may be proved, but how it must be pleaded.

When we consider the great number and magnitude of the powers which have been conferred on inferior courts and officers —how extensive their authority is over the persons and property of individuals—the importance of requiring them to show jurisdiction, or in other words, to show that they have pursued the path marked out for them by law, can hardly be over estimated. But I will not enlarge on the value of the principle involved in the case, after having shown that it has been settled by a long line of judicial decisions, ending in a judgment of this court, rendered within a year, and directly in point.

If it be true, as was said in argument, that we are more strict than the English courts in requiring inferior magistrates and officers to show their jurisdiction, we shall no longer have a title to that commendation—for such I think it to be—after the highest court in the state shall have decided that a justice of the peace may act without authority; for in England, the king himself is not above the laws.

I am of opinion that the judgment is erroneous, and should be reversed.

JEWETT, J. also delivered an opinion in favor of reversal.

Judgment affirmed.