Gridley J.
delivered the opinion of the court.
This case was submitted on printed briefs instead of being argued orally, as the nature and importance of the questions involved in it would have rendered desirable. It was an action of ejectment commenced before the Code, and was brought to recover possession of two distinct parcels of land situated in the village of Whitehall, in the county of Washington. The one is that part of Church-street which is occupied by the rails of the company to form the track of their road. The other is a part of the plaintiff’s home farm, &c., and is a parcel of land containing ninety-nine one-hundredths of an acre, to which the railroad company insist they have acquired title by the assessment and payment of damages pursuant to the 9th section of their charter.
This was an attempt to divest the plaintiff of his title to the premises in question without his consent, and it is quite clear, that, to effect that object, the provisions of the act under which the proceedings to change the title of the property were had must be strictly pursued. In Sharp v. Spier (4 Hill., 76) it is said by Bronson, J., that “it has become so common of late to take private property in any form without the consent of the owner, that corporations are not *330 always careful to look at their charters, or, if they are examined, the powers conferred are construed very liberally. But the right to take private property in any form, without the consent of the owner, is a high prerogative of sovereignty, which no individual or corporation can exercise without an express grant. The power may be delegated, but the delegation must plainly appear.” “Every statute authority, in derogation of the common law, to divest the title of one, and transfer it to another, must be strictly pursued or the title will not pass. • This is a mere naked power, and its due execution is not to be made out by intendment—it must be proved. It is not a case for supposing that public officers have done their duty, but what they have in fact done-must be shown. The recitals in the conveyance are not evidence against the owners of the property, but the facts recited must be established by proof aliunde. As the statute has not made the conveyance prima facie evidence of the regularity •of the proceedings, the fact that they are regular must be proved, and the onus rests on the purchaser.” These principles are abundantly established by the authority cited by the learned justice, and were directly confirmed by the court for the correction of errors, in the case of Stryker v. Kelly (2 Denio, 323).
On the trial of the cause, after the plaintiff had given evidence of his title to the premises in question, the defendants offered in evidence the proceedings and decree had before Martin Lee, county judge of Washington county, under the 9th section of their charter. The plaintiffs objected to this paper or record on the grounds that it was incompetent and immaterial: that the recitals contained in it were not evidence: that the defendant must first show by proof aliunde that the first judge of the common pleas and the county judge had jurisdiction of the matters in which the decree was made, and that the preliminary proceedings for that purpose were taken: that the decree is void on its face: that the plaintiff was not a party to the proceedings: that *331 the money required to be deposited by the charter to satisfy the plaintiff’s damages is not proved to have been deposited: and it is not shown that when the proceedings were commenced there was any location of the road on the defendants’ land. The court overruled the objections and received the evidence. The defendants’ counsel then offered in evidence a certificate of deposit of $350, the amount of the plaintiff’s damages as assessed to his credit, in the Bank of Whitehall, in which by the order it was directed to be deposited. This was objected to, on the ground of its being hearsay evidence, &c., but the certificate was received. The plaintiff then offered to prove that the recitals contained in the record were untrue, and that the record itself was untrue in every particular, specifying the particular grounds of objection. The evidence was objected to on the ground that the record was conclusive evidence of all the facts contained in it, and the evidence was excluded. To all these rulings exceptions were duly taken.
By the 9th section of the defendant’s charter, passed May 2d, 1834, the defendant was authorized to purchase, receive and hold such real estate as might be necessary for the purposes of their road. But in case of disagreement as to the price of the land, then specific directions were given for presenting a petition to the first judge of the county, who should thereupon direct the sheriff to cause a notice to be published for the drawing of a jury to appraise the lands, on a day full thirty days after the publication of the notice, with very special instructions as to the further proceedings by which the lands should be appraised; and then the act proceeds as follows: “Upon proof to the said judge, to be made within thirty days after such assessment, of payment to the owner, or of depositing to the credit of the owner in such incorporated moneyed institution as the said judge shall direct, of the amount of said award, and the payment of all expenses, the said judge shall make an order or decree par *332 ticularly describing tbe land, and reciting the assessment of damages and the mode of making it, and all other facts necessary to a compliance with this section of the act; and when the said order or decree shall be recorded in the office of the clerk of the county in which said land is situated, whose duty it shall be to record the same, for the same fees now allowed for recording deeds, the said corporation shall be possessed of all such lands and real estate, and may enter on and take possession and use the same for the purposes of said road.”
Now it is not necessary to decide whether this order or decree is evidence of the facts recited in it, within the meaning of Sharp v. Spier (4 Hill, 76); Jackson v. Esty (7 Wend., 148); Varick v. Talman (2 Barb., 119), and Stryker v. Kelly (2 JJenio, 323 ),■ so as to supersede the necessity of proving the existence of the facts on which alone the jurisdiction of the county judge was made by the act to depend, for instituting the proceedings for assessment, and also for making the “ order or decree,” which it is argued changes the title to the premises in question and vests it in the corporation. I say it is not necessary to decide that question because I understand the plaintiff offered distinctly to disprove all the facts on which the jurisdiction of the judge rested for entertaining the proceedings, and also for making the decree or order which was given in evidence. This was a proceeding before an officer clothed with a subordinate power, given him by the statute, to take certain proceedings whenever a particular contingency arose, by which the title of a party to real estate should be divested; and the offer was to show that the contingency mentioned in the statute never arose. If the facts offered to be proved were admitted to be true, it would follow that the assessment of damages and the order or decree relied upon were coram, non judice, and utterly void. It is a settled doctrine in this state that a party may show a want of jurisdiction in the court or officers over either the subject matter or the person. Justice *333 Marcy, in Starbuck v. Murray (5 Wend., 156, 157), after saying “ that the jurisdiction of the court rendering a judgment may be inquired into,” declares “that this doctrine does not depend merely on adjudged cases. It has a better foundation; it rests on a principle of natural justice. No man is to be condemned without the opportunity of making a defence, or to have his property taken from him by a judicial sentence, without the priviledge of showing, if he can, the claim against him to be unfounded.” So too in the case of Bloom v. Burdick (1 Hill, 139), the court, after laying down the same doctrine, proceeds to say: “This is the rule in relation to all courts, with only this difference, that the jurisdiction of a superior court will be presumed until the contrary appear; whereas an inferior court, and those claiming under its authority, must show that it had jurisdiction.” Such is the doctrine of the courts in this state, and of the United States (Williamson v. Berry, 8 How., 494), although it may be different in some of the other states (2 Am. Leading Cases, 786-793), and perhaps also in England. (2 Cow. & Hill’s notes, 1016, 1017.) The defendant insists that the order is conclusive evidence of any fact stated in it, on the ground that the matter on which the jurisdiction depends is the very matter which was in issue before the court or officer. (12 Pick., 572, 573; 2 Cow. & Hill’s notes, 1016-1023.) Now if this case should be admitted to belong to that class of cases, which is at least questionable, it must still be remembered that the defendant is at liberty to show that jurisdiction was never obtained over the person of the defendant. The idea is not to be tolerated that the attorney could make up a record or decree, reciting that due notice was given to the defendant of the proceeding, when he never heard of it, and no notice was published, and the decree held conclusive, against an offer to show this vital allegation false. Or, suppose a record is fictitious throughout, cannot the defendant prove the want of jurisdictional facts? It is true that, in a case properly falling within this princi *334 pie, the party should bring his certiorari. But we are supposing a case in which he was not notified, and never heard of the decree till it was brought to be enforced against him, and therefore had no opportunity to bring a certiorari.
When, therefore, the plaintiff offered to show by evidence that the “record” was untrue in every particular, and that the recitals contained therein were false, the learned justice who tried the cause should have received the evidence. For if the plaintiff had shown, as he offered to do, that there had never been any offer of a price for the land in question, nor any attempt to agree with him in relation to the price, and no disagreement in relation thereto, and no publication of notice as prescribed by the statute, then the contingency could not be said to have arisen which alone gave the county judge any jurisdiction to entertain the proceedings; and if he had proved that there had never been any payment of the damages assessed, or any deposit of the same in a bank, nor any proof of that fact having been made to the judge, then he had no power or authority to make the aforesaid decree or order. The certificate of deposit also was objected to as inadmissible, but admitted, notwithstanding the objection. We think it was clearly a document made by a third person, and to all intents and purposes was, as between these parties, “res inter alios acta.”
The learned judge who delivered the opinion of the supreme court regards the offer to prove the record to be untrue in every particular, and that the recitals contained therein were false, as too general, embracing other than jurisdictional facts, which it is conceded the defendant had a right to disprove under- the authority of Benn v. Borst (5 Wend., 292). But we do not think the decisions at the circuit can be put on that ground. When the offer was made “the defendants’ counsel objected on the ground that the record was conclusive evidence of the facts stated therein;” and the court sustained the objection and excluded the evidence. We think that we are not- at liberty to regard the *335 objections as sustained on a different ground from that taken by the counsel. Had the judge informed the plaintiff’s counsel that the offer was too broad, and that jurisdictional facts only were admissible, he would probably have limited his offer in that respect. But the natural and obvious meaning to be inferred from the exclusion of the evidence was, that it was rejected on the ground on which its inadmissibility was placed by the counsel. There were several other points taken and argued on this branch of the case, but we have not examined them, and express no opinion upon them. We grant a new trial upon the ground that the learned justice who presided at the trial rejected evidence that should have been admitted.
There is a question concerning another distinct piece of land about which we do not design to express any opinion. It is a question of great importance and is constantly becoming more so, and we think it deserves to be argued orally. As there must be a new trial, on the ground we have specified, it cannot be necessary that the other questions should be determined.
Judgment reversed and new trial granted.