## WEINER V. RUMBLE.

The superior court of Denver has jurisdiction both over the cause of action and person of the defendant in an action to foreclose a mechanic's lien, brought by a material-man against a non-resident of the county who contracted for the erection of certain buildings in said city; the material having been furnished with the knowledge and consent of defendant, and process served upon him within the territorial jurisdiction of the court.

*Appeal from Superior Court of Denver.*

Mr. C. G. CLEMENTS, for appellant.

RISING, C. This action was brought by appellant to establish a mechanic's lien upon lots 1, 2, 3 and 4, in J. W. Smith's addition to the city of Denver, Arapahoe county, Colo., and to foreclose such lien against appellee as owner of said premises, and against others who claim some interest therein or lien thereon. Appellee appeared specially for that purpose and filed a separate answer, that plaintiff's supposed cause of action accrued out of the jurisdiction of the said superior court, that is to say, at Boulder county, in the said state of Colorado; and that appellee was, at the commencement of this suit, a resident of said Boulder county, and was served with process in Denver; and prayed judgment whether the court would take further cognizance of said action. To this answer plaintiff demurred, and alleged, as grounds

of his demurrer, that the answer, and the facts stated therein, are insufficient to constitute a defense, and that the answer is contradicted by the record in the cause. The court overruled the demurrer, and rendered a final judgment against the plaintiff and in favor of the appellee. The answer of appellee makes no issue upon the facts stated in the complaint as constituting a cause of action, but the allegations of the answer are intended to question the jurisdiction of the court over the subject-matter of the cause of action, and over the person of the defendant. The facts stated in the complaint show that appellee contracted with one Shugart for the construction and erection of certain buildings upon certain lots in the city of Denver; that said Shugart, with the knowledge and consent of appellee, contracted with one Cottrell to furnish the material for and to construct the stone and brick work necessary to the erection and completion of said buildings; that said Cottrell, with the knowledge and consent of appellee, contracted with one Hines to furnish the brick necessary for the erection and completion of said buildings; that said Hines furnished such brick; that this action is brought by appellant, as assignee of said Hines, against appellee, to establish and foreclose a lien upon the interest of appellee in said premises for the price of the brick so furnished by Hines. The allegation of the answer that the cause of action did not accrue within the territorial jurisdiction of the court is not sufficient to raise an issue upon the facts stated in the complaint. The uncontroverted allegations of the complaint show that the court had jurisdiction of the cause. It being a court of general jurisdiction within its territorial limits, and the subject-matter of the cause of action being within such limits, it has power to take jurisdiction of the cause and of the subject-matter. Ror. Jud. Sales, § 65; Story, Confl. Laws, § 538. Did the court obtain jurisdiction of the person of appellee by service of summons on him within its territorial jurisdiction?

Jurisdiction of the cause is the power over the subject-matter given by the laws of the sovereignty in which the tribunal exists. Bouv. Law Dict. "Jurisdiction." A court having jurisdiction of the subject-matter of a cause of action has complete jurisdiction to proceed to hear and determine the particular cause involved when it obtains jurisdiction over the person of the defendant by service of process upon him within its territorial jurisdiction, unless the court is, by statutory provisions, expressly precluded from obtaining such jurisdiction by such service of process. Non-residence of the defendant within the territorial jurisdiction of the court is no objection to the jurisdiction of the court of the cause, if actual jurisdiction of the person of such defendant is obtained by service of process within the territorial jurisdiction of such courts. *Adams v. Lamar*, 8 Ga. 83–90; *Public Works v. College*, 17 Wall. 531, 532; *Bissell v. Briggs*, 9 Mass. 461–468; *McMullen v. Guest*, 6 Tex. 275, 279; *Barnes v. Harris*, 4 N. Y. 375; Ror. Int. St. Law, p. 22, par. 2, and p. 25, par. 5. Jurisdiction of the cause is to be determined by the laws of the sovereignty, and jurisdiction of the person is to be determined as a simple fact subject to statutory provisions relating thereto. There are no statutory provisions in this state affecting the question of obtaining jurisdiction of the person of the defendant, in cases of the character of the one under consideration, except the provisions of the code relating to the place of trial in civil actions; and there is nothing in these provisions of the code to prevent the court from obtaining jurisdiction of the person of the appellee by service of its process within its territorial jurisdiction. The court erred in overruling the demurrer to the answer of appellee, and in entering final judgment against the appellant. The judgment should be reversed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons given in the foregoing opinion of the commissioners the judgment of the superior court is reversed.

*Reversed.*