### BEACH v. BAKER.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

1. JUSTICES' COURTS—SERVICE OF PROCESS—RETURN.
  The return of a constable of a summons from a justice court, showing personal service on defendant, but not stating where it was served, prima, facie confers jurisdiction upon the justice.

2. SAME—JUDGMENT—VALIDITY.
  A judgment rendered by a justice on a return prima facie giving him jurisdiction of a defendant personally served, beyond his jurisdiction, is not void, but merely erroneous.

Appeal from Broome county court.

Action by G. W. Beach against Ellen Baker and others. From a judgment affirming a judgment of a justice of the peace against defendant Ellen Baker, she appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

S. Mack Smith and James T. Rogers, for appellant.
Wallis & Clifford, for respondent.

MERWIN, J. The claim of the appellant is that there is nothing in the record to show that the justice had jurisdiction of the person of the appellant, and that, therefore, the judgment rendered by the justice in favor of the plaintiff, and affirmed by the county court, should be reversed. The action is on a promissory note made by the defendants. On the 12th May, 1896, a summons in the ordinary form was issued by a justice of the peace of the town of Vestal, in Broome county, directed to any constable of Broome county, returnable on 20th May, 1896. This was duly returned personally served on the defendants Ellen Baker and Charles J. Baker on May 13, 1896, by Floyd Warrick, constable of said town. The return is in writing, as follows:

"Broome County—ss.: I hereby certify that on the 13th day of May, 1896, I served the within summons on the within-named defendants, Charles J. Baker and Ellen Baker, by delivering to and leaving with them personally a true copy thereof.    Floyd Warrick, Constable."

On the return day the defendant Charles J. Baker appeared in person, for himself and for defendant Ellen Baker, and put in an answer for the defendants, which he subsequently withdrew. His authority to appear for Ellen Baker was not shown. The plaintiff was called as a witness in his own behalf, and it appeared that he resided at Apalachin, in Tioga county. The defendant Charles J. Baker was also called as a witness, and it appeared that Ellen Baker was his wife, but it did not appear where they resided.

The return of the constable did not state the place where the summons was served. Presumptively it was served within the county of Broome. Potter v. Whittaker, 27 How. Prac. 10. The return complied with the statute. Code Civ. Proc. § 2885. The section cited does not require the place of service to be stated. The general rule is that the territorial limits of a justice's jurisdiction are co-extensive with the limits of the county in which he resides. 2 Wait, Law &

Prac. 6. The ordinary process issued by him in a civil case may be served at any place within his county. Proof of such personal service gives the justice jurisdiction of the person of the defendant. Hoffman v. Barton, 47 Hun, 409. In Sperry v. Moore, 1 E. D. Smith, 361, it was said that when a suit is commenced in a justice's court by a long summons, personally served upon the defendant within the county, the residence of the defendant and jurisdiction of the court will be presumed. In Barnes v. Harris, 4 N. Y. 375, it is said that a court having authority to issue process prima facie acquires jurisdiction of the defendant by a personal service of such process in the manner required by law. In that case it was held that, in declaring upon a judgment rendered by a justice in a suit commenced by long summons, it is not necessary to allege that the defendant was a resident of the county; that, the summons having been duly issued and served by a constable of the county, the defendant is prima facie amenable to the jurisdiction. There are other cases that support the same view. Foster v. Hazen, 12 Barb. 547; Tiffany v. Gilbert, 4 Barb. 320, 324; Wilkinson v. Vorce, 41 Barb. 370, 374; Griffin v. Norton, 5 N. Y. St. Rep. 812. In the Tiffany Case it was said by Judge Gridley that the fact that the case was not tried in the proper town did not render the judgment void, but erroneous, and liable to be reversed on certiorari upon an assignment of error in fact. The office of justice of the peace is a constitutional one, and stands on a different basis from inferior local courts established under the provisions of section 14, art. 6, of the constitution of 1846, or section 18, art. 6, of present constitution. See Geraty v. Reid, 78 N. Y. 67. The doctrine of the Barnes Case has not, I think, been overruled. It was therefore the duty of the appellant, if any fact as to residence existed that deprived the justice of jurisdiction, to have shown such fact before the justice, or upon the appeal to the county court, as an error in fact. Code Civ. Proc. § 3057. Not having done this, the county court correctly affirmed the judgment. All concur.

Judgment of the county court affirmed, with costs.