Per Curiam.

The warrant was no further executed than by the arrest of the plaintiff and taking him before a magistrate, who let him to bail. The object of the warrant was only to bind th«& party to his good behaviour, and until the next sessions; and this, under the circumstances of the case, was a lawful and commendable object. The direction in the warrant to have the plaintiff in the mean time committed to gaol, not being executed, may be laid out of the case as immaterial. The warrant was executed so far as respected the lawful object of it, and no further. The statute authorizes and makes it the duty of the magistrate to bind to theip. good behaviour, all persons who threaten to break the peace, or who are not of good fame. And the decision of the K. B. after much argument and discussion, in the case of Regina v. Langley, (2 Salk. 697. 2 Ld. Raym. 1029.) justifies such an actas the one done in this case. It was there held that words of slander spoken to a magistrate, in respect to his official trust, were to be classed among petit offences, which are contra bonos mores, and for which, when spoken to a magistrate in the actual execution of Ms *402 office~ he might commit, and when spoken to him out of court, hc might require surety for the peace and for good behaviour, and in default thereof commit. The defendant in this case ought to have immediately required of the plaintiff' the surety. The case does not state whether he did so or not. Perhaps the plaintiff might have left him before he had time; and as that was not made a point, and as the warrant was issued on the same day with the gross abuse, and the plaintiff had left the defendant’s office, we must presume that the plaintiff had refused to give the recognisance, or withdrew before it could be demanded.
The defendant is, accordingly, entitled to judgment.
Judgment for the defendant.