Harper, J.
We are inclined to agree with the presiding judge, with respect to both the grounds on which he rests his decision. As to the first, it may be remarked that it does not appear that the warrant in question ever would have been executed but for the procurement of the plaintiff’. The judge reports that the warrant was deposited with William Gillam, another justice, “without specific instructions, but doubtless with the view of having it executed under his sanction.” The ‘view’ with which defendant deposited the warrant must be merely matter of inference. It is not usual, so far as I know, for one justice to place his process in the hands of another in order to its being executed. Mr. Gillam was by no means bound to have this warrant executed, and it must be merely matter of surmise that he ever would have placed it in the officer’s hands, but at the plaintiff’s instance.
But on the second ground there can be no doubt. The argument and authorities relied on by the judge are entirely conclusive, and the cases go further than the present. The cases, Regina v. Langly, Salk. 697, and Richmond v. Dayton, 10 Johns. 393, were of abusive words merely spoken to the magistrate not then in Court or discharging any official duty, respecting his conduct in office, without any threat of personal violence. The argument that no man shall be a judge in his own cause would apply with much greater force when a Court punishes for a contempt committed in its presence. The justice would not properly have discharged his duty had he acted otherwise than he did. It is more than questionable whether the threatening to assault and beat the magistrate for his conduct in the discharge of his official duty, did not constitute an indictable offence.
The motion is dismissed.
Johnson and O’Neall, Js. concurred.