## Voorhees *vs.* C. S. Martin and H. Martin.

Where a justice of the peace, upon the application of commissioners of high-
ways, issues a precept to summon twelve freeholders for the purpose of
inquiring into an alledged encroachment upon a highway, and the jury thus
summoned meet, and find that the persons complained of have encroached
on the highway; and they make a certificate in writing, stating the par-
ticulars of the encroachment, as required by the statute, (1 *R. S.* 522,
§ 107,) the justice possesses all needful authority to decide upon the *amount*
of the *costs* of the inquiry, as incidental, and absolutely necessary, to enable
him to issue the warrant for the collection of such costs, which the statute
requires him to issue.

The act of the justice, in liquidating the amount of such costs, is judicial, and
he is not liable therefor, in a civil suit.

This was an action commenced and tried before Benjamin
Smith, a justice of the peace of Monroe county.

C. S. and H. Martin, the defendants in error, sued Voorhees,
the plaintiff in error, before the justice, in a special action on
the case. On the trial it appeared that Voorhees, being a jus-
tice of the peace of said county, issued a precept, on the appli-
cation of the commissioners of highways of the town of Pittsford,
to summon twelve freeholders for the purpose of inquiring into
an alledged encroachment, by the Martins, upon a certain high-
way in said town. That said twelve freeholders, being sum-
moned, appeared at the time and place for that purpose in the
precept mentioned, and were duly sworn; and after hearing the
proofs and allegations of the parties, found that the Martins
had encroached upon the highway as alledged by the commis-
sioners; and they made a certificate in writing, stating the
particulars of the encroachment, as required by the statute.
That the Martins, afterwards, tendered to the justice who issued
the precept, the plaintiff in error, $7,75, as the costs of the said
inquiry, claiming that sum to be sufficient to cover and include
the whole of such costs. The justice, Voorhees, the plaintiff in
error, refused to receive that amount in full, but offered to take
it on account of such costs, and apply it as far as it would go;
but the Martins refused to pay it, unless it was received in full
of the costs. That after the expiration of ten days, the costs

not being paid, Voorhees, the plaintiff in error issued a warrant against the Martins, to collect the sum of $24,59, as the costs of said inquiry ; which warrant was delivered to a constable for collection ; by virtue of which, the constable collected the amount, by a sale of the property of the Martins, and paid the same to Voorhees. It appeared on the trial of the action before the justice, Smith, that of the $24,59, for which the warrant was issued, $18,34, was for fees of witnesses examined on the inquiry, allowing them for their attendance and travel, the same as witnesses are allowed in courts of record. Judgment was rendered by the justice, Smith, against Voorhees, for $25,00 damages, besides costs, which the court of common pleas of Monroe county affirmed, on certiorari. From the judgment of the common pleas, Voorhees brought error to this court.

*Ira Bellows*, for the plaintiff in error.

*E. Goss*, for the defendant in error.

*By the Court*, WELLES, P. J. The counsel for the defendant in error claims that the plaintiff in error was tendered the whole amount for which he had a right in any event, to issue his warrant. That the witnesses' fees on the inquiry, in relation to the encroachment, were not legally taxable as part of the costs of that proceeding, and that deducting the amount allowed for witnesses' fees, the balance was less than the amount tendered. That at most, the witnesses were only entitled to the same allowance as witnesses in a suit before a justice of the peace, which was all the plaintiff in error could lawfully include in the amount for which he issued his warrant. And that in any view therefore, the warrant was issued for a larger sum than the law would justify.

The important question, however, is, whether the acts of the plaintiff in error, for which the judgment before the justice was rendered, were judicial or ministerial. The act of issuing the warrant, after the amount of the costs had been settled and ascertained, was strictly of the latter character. But there can

be no just complaint on account of the issuing the warrant, provided the amount of the costs had been ascertained and settled in a legal and regular manner, by a person or tribunal having the power to determine the amount. It must be ascertained in some way, by some person. The warrant must be issued for a gross sum. What sum shall that be? The statute answers, that if the costs shall not be paid in ten days, the justice shall issue a warrant for the collection thereof, &c. (1 *R. S.* 522, § 107.) But what do the costs amount to, in the aggregate, for which the warrant shall issue? There is no one to answer this question but the justice. Although the statute is silent as to the amount of the costs, the nature of the items to be allowed, the individual or tribunal to determine the amount, or the manner of ascertaining it, it is, nevertheless, plain that the justice possesses all needful authority to decide upon the amount of costs, as incidental, and absolutely necessary, to enable him to issue the warrant at all, which the statute requires him to do. It can not be maintained that the law places the justice in the position, or exposes him to the perils and vexations, which an opposite construction would imply; it would give to the party who is to pay, instead of the justice, the power of deciding how much to pay; at least, it would give him an equal power with the justice; because he might tender what he judged was the true amount, and if the justice deemed it insufficient, and issued a warrant for a greater amount, he would become a trespasser, or be justified, according as another justice of the peace should determine. If he accepted the amount tendered, and it turned out to be too small, he would be liable to be harassed with suits, by persons claiming an interest in the costs, for not issuing a warrant for their collection. It was as much the duty of the justice, Voorhees, to ascertain and liquidate the amount of these costs, as it was to issue a warrant for their collection. The warrant could not be issued until that had been done; and the act of liquidating the amount was in its nature clearly judicial. It was for the justice to decide the questions of fact touching the amount, as well as the questions of law, in relation to what items were allowable; and then he was to put them together,

Voorhees *v.* Martin.

and the sum total was the amount for which the warrant should issue. Whether a common law certiorari would lie upon his decision, does not, in my opinion, alter the case; although I incline to think a party conceiving himself aggrieved, would be entitled to such remedy. If he would not, it is far better that the decision be final, than to allow it to be impeached collaterally, and thus open a door for the very worst kind of litigation

In *Weaver* v. *Devendorf*, (3 *Denio*, 117,) Beardsley, justice, in delivering the opinion of the court, uses the following language : " No public officer is responsible in a civil suit, for a judicial determination, however erroneous it may be, and however malicious the motive which produced it. Such acts, when corrupt, may be punished criminally ; but the law will not allow malice and corruption to be charged in a civil suit against such an officer, for what he does in the performance of a judicial duty. The rule extends to judges, from the highest to the lowest ; to jurors and all public officers, whatever name they may bear, in the exercise of judicial power. It of course applies only where the judge or officer has jurisdiction of the particular case, and was authorized to determine it. If he transcends the limits of his authority, he necessarily ceases, in the particular case, to act as a judge, and is responsible for all consequences ; but with these limitations, the principle of irresponsibility, so far as respects a civil remedy, is as old as the common law itself." This is carrying the rule beyond what is necessary for the protection of the plaintiff in error ; as there is no complaint that he acted maliciously or corruptly, or that the proceedings before him, in relation to the encroachment, were not in all respects regular. In the view I have taken, it is unnecessary to consider the question, whether the allowance of the witnesses' fees, as a part of the costs in question, was lawful or not ; or if they were, whether they were allowed at the proper rate. It is enough that the plaintiff in error, acting in a judicial capacity, adjudged the allowances to be proper, and his decision can not be reviewed in the present aspect of the question.

The judgment of the court of common pleas and that of the justice should be reversed.

Ordered accordingly.

[MONROE GENERAL TERM, September 2, 1850. *Welles, Selden* and *Johnson,* Justices.]