Robbins *v.* Gorham.

—————•♦•—————

### ROBBINS *vs.* GORHAM.

Where a person, duly summoned and returned as a juror, for the trial of an action pending before a justice of the peace, fails to appear at the trial, the justice may, after the termination of the trial, issue a summons directed to such person, requiring him to appear and show cause why he should not be fined, for his non-attendance as a juror.  And if, upon personal service of such summons, such juror fails to appear on the day appointed, the justice may issue an attachment against him ; and upon his being brought before the justice and failing to show any excuse for his conduct, such juror may be fined, by the justice.

And upon drawing up and subscribing a record of such conviction, the justice may issue an execution for the collection of the fine imposed, out of the property of the person thus proceeded against.

The proceedings of the justice, on hearing the case and imposing the fine, are judicial, and cannot be overhauled in an action against him, but are subject to review only by further proceedings in the same matter.

It is no objection to the validity of the conviction, in such a case, that the justice did not enter in his docket a minute thereof.  The statute requiring such an entry to be made (2 *R. S.* 241, § 87) is merely directory.

APPEAL from a judgment of the Chautauque county court, affirming the judgment of a justice's court.  The appellant, Gorham, was a justice of the peace of the town of Pomfret, Chautauque county.  An action of which he had jurisdiction was pending before him as such justice, on the 6th July, 1855, and came on for trial on that day.  On demand of the parties the justice issued a venire, and amongst others Robbins, the

respondent, was duly summoned and returned as one of the jurors. He did not appear on the jury being called nor at any time during the trial of the cause. The trial of the cause commenced on the 6th of July, and was continued to and closed on the 7th. On the 9th day of July the appellant issued a summons requiring Robbins to appear and show cause on the 11th, why he should not be fined for his non-attendance as a juror in said action. This summons was personally served on the 10th by a constable, who made due return of such service. Robbins failed to appear on the 11th, pursuant to such summons, and thereupon the justice issued an attachment against him, on which he was attached by a constable and brought before the justice on the 13th of July, and failing to show any excuse for his non-attendance as a juror, he was fined $10, and $2 costs of the proceedings. The justice prepared a record of his proceedings and of the conviction, reciting the various steps, &c. and subscribed the same at the time of imposing the fine; but did not actually copy or enter the conviction in his docket. He also issued to a constable an execution, reciting the proceedings and conviction, &c. and directing the collection of said fine and costs; by virtue of which the officer levied and sold property of Robbins, and this action was brought and a recovery had against the justice for such levy and sale.

The county court affirmed the judgment of the court below.

*E. Ward,* for the appellant.

*Geo. Barker,* for the respondent.

*By the Court,* DAVIS, P. J. The objection that the justice did not " enter in his docket a minute of the conviction," as directed by statute, (2 *R. S.* 241, § 87,) is fully disposed of by the cases cited by the appellant's counsel. There is no essential difference between the language of this section and of that directing the entry of other judgments of justices of

the peace; and the decisions both of this court and of the court of appeals settle that it is to be regarded as merely directory. (*Hall* v. *Tuttle*, 6 *Hill*, 38. *Walrod* v. *Shuler*, 2 *Comst.* 134.)

It is to be regretted that the legislature has not more distinctly defined the powers of justices of the peace in punishing defaulting jurors, and particularly the mode by which they are to be brought before the court in case of their refusal or neglect to appear, in obedience to the venire. The efficacy of these courts has been greatly impaired by the doubts entertained as to the extent of their powers to compel the attendance of jurors to answer for their default, and as to the manner in which the power apparently conferred is to be exercised. To such an extent has this gone, that in many localities it is nearly impracticable to secure the benefit of a jury trial in a justice's court, at least in the spirit in which it was intended to be given by the statute. The justice of the peace who in good faith has attempted to vindicate the dignity of his court by securing obedience to its process, is certainly deserving of commendation, even should it appear that he has unwittingly transcended his powers and thus subjected himself to the annoyance of an action.

The power to issue a venire to summon jurors is distinctly given to justices of the peace by statute, or rather the duty to issue the process, when properly demanded, is imperatively imposed. (2 *R. S.* 242, § 94.)

The return of the officer that he has summoned the jurors is *prima facie*, and if not traversed conclusive, evidence of the service of the writ. It is quite sufficient for the justice to act upon in taking subsequent proceedings to punish the defaulting juror. (14 *John.* 482. 11 *East*, 297. 4 *Burr.* 2129.) The juror thus summoned who neglects or refuses to appear is guilty of a contempt of court; and if there were no way to punish that contempt, the power conferred on the court to summon him is a useless and idle mockery. Were the statute entirely silent as to the authority of the court to enforce obe-

dience to its venire, there would be little difficulty in holding that such authority was a necessary incident. But the power to punish such disobedience is expressly conferred, and the only difficulty is in determining at what time, and in what manner, it may be exercised.

By section 112, 2 *R. S.* 245, it is enacted that "Every person who shall be duly summoned as a juror, who shall not appear nor render a reasonable excuse for his default, or appearing shall refuse to serve, shall be subject to the same fine, to be prosecuted for and collected with costs in the same manner and applied to the same use, as hereinbefore provided, in respect to a person subpœnaed as a witness and not appearing, or appearing and refusing to testify." By referring to section 85 of the same chapter, (2 *R. S.* 241,) we find it enacted that every person duly subpœnaed as a witness, who shall not appear, or, appearing shall refuse to testify, shall forfeit for the use of the poor of the town, (unless some reasonable cause or excuse shall be shown on his oath or the oath of some other person,) such fine not less than sixty-two cents nor more than ten dollars, as the justice before whom prosecution shall be had shall think reasonable to impose." This section declares the extent of the *fine* that may be imposed, without directing the steps to be taken to determine whether the witness or juror is guilty of the contempt subjecting him to the penalty.

It is supposed and claimed by the respondent in this case, that the 83d section provides the only mode in which a defaulting witness or juror may be brought into court: but a careful examination of that section will show that its only object was to secure the testimony of the witness in the pending trial, by attaching and bringing him in for the purpose of being examined *as such,* and that it is wholly inapplicable to the case of a defaulting juror. The affidavit upon which, alone, that attachment can issue, could certainly not be made as against a non-attending juror: and although the justice doubtless might, by force of the 86th section, proceed to fine the witness who had been brought in by attachment under the

83d section, yet it would not be because of his having been attached, but because of his being present "and having an opportunity to be heard," as required by section 86.

Nor is there any foundation for the position that the justice has no power to impose a fine on a non-attending juror, unless it be done while the cause in which he was summoned is pending. The statute has provided means for the progress of the cause notwithstanding the non-appearance of jurors summoned, by authorizing the justice to direct the constable to summon bystanders, or in certain cases, to issue another venire. (2 *R. S.* 244, §§ 101, 2.) And the orderly administration of justice by no means demands that proceedings in the pending cause should be arrested or suspended until the defaulting jurors can be brought in and tried and fined. Such a requirement would put it in the power of a juror who could elude process, either to escape the fine or prevent the determination of the suit in which he was summoned until he could be forced or persuaded to come in and be tried for his contempt.

It was also urged, on the argument, that the statute contemplates that an action be brought for the penalty against the defaulting witness or juror. This objection is readily overcome by collating the several sections together and bearing in mind the essential difference between the *imposition of a fine* by the justice and the rendition of a judgment on the trial of an issue of fact. The 85th section, above quoted, subjects the contemptuous witness to such fine not less than 62 cents nor more than ten dollars, " *as the justice shall think reasonable to impose, unless some reasonable cause or excuse be shown by his own oath or the oath of some other person.*"

The 86th section declares that the justice may *impose the fine* if the witness be present and have an opportunity to be heard against the imposition thereof. The 87th section directs the justice to make up and enter in his docket a *minute of the conviction* and of the cause thereof, and declares that such conviction shall be *deemed* a judgment in all respects at the *suit of the overseers of the poor of the town.* Section 88

Robbins v, Gorham.

directs the mode of collecting the fine by execution against the goods and person of the *delinquent*, and the 89th section directs the payment of the amount of the fine imposed, when collected, to the overseers of the poor of the town, for the use of the poor. These several provisions are quite incongruous with the idea of a formal action before the justice who issued the venire, or any other, to recover a forfeiture upon the trial of an issue of fact, *with or without a jury*, as the parties may elect. What would be the issue to be tried in such an action? Would it be the regularity of the venire? the truth of the return? the sufficiency of the cause or excuse as shown by the *delinquent's own oath or the oath of some other person?* If there be a jury trial, (as certainly there may if an action must be brought) are the jury to impose the fine? or upon what finding of theirs is the justice to declare the amount he " shall think reasonable to impose?"

On the other hand, if we regard these sections as simply providing for the punishment of a contempt in disobeying the subpœna or venire of the court, to be tried and disposed of by the justice whose process is contemned, with leave to the delinquent to purge his contempt by his own oath if he can, there is no difficulty in reconciling them with each other, nor with a just idea of that power of self protection with which every judicial tribunal should be clothed. There seems no room to doubt, therefore, that the statute intends to provide for the punishment of a contempt of the process it has given the justice, by a summary trial or hearing before him. The power to impose the fine is however subject, I think, to one condition which can neither be obviated nor disregarded. It is that "*the witness (or juror) shall be present and have an opportunity of being heard against the imposition thereof.*" (§ 86.) And the justice must have *jurisdiction of the person* of the delinquent by his *actual presence*. This brings us to the important question in the case.

How is the presence of a *non-appearing witness or juror*, who is subject to the penalty of the statute, to be secured, so

that the justice may impose the fine? We have seen that a witness may be brought in for certain purposes by attachment, and being thus "present and having an opportunity to be heard," may be summarily punished for his contempt; but if no such attachment be issued how is he to be reached? And more especially how is the non-attending juror to be reached, to whom the last named attachment is clearly inapplicable?

We look in vain at the several sections of the statute already referred to, for directions as to the means of bringing in such person; but it does not follow that none exist. The court has process—summons, warrant and attachment—and the justice is authorized by statute "to hold a court," "to hear, try and determine" the actions within his jurisdiction, "according to law and equity; and for that purpose, where no special provision is otherwise made by law, such court shall be vested with all the necessary powers which are possessed by courts of record in this state." (2 *R. S.* 226, § 1.)

It is no stretch of the limited jurisdiction of justices' courts to hold that where *a power is expressly conferred upon them,* but the manner of exercising it is not prescribed by statute, it may be enforced in the simple, ordinary and reasonable mode of attaining the end, *by use of such process as is conferred to carry out the acknowledged powers of the court.*

The case of *Voorhees* v. *Martin,* (12 *Barb.* 508,) seems to stand upon a similar principle. Voorhies, a justice of the peace, was prosecuted for issuing a warrant for the collection of $24.59, the costs of trying an alleged encroachment on a highway, before a jury of twelve freeholders. The statute simply authorizes the justice to issue a warrant for the collection of *the costs,* if not paid in ten days. (1 *R. S.* 522, § 107.) It is silent as to the amount of the costs, the nature of the items to be allowed, the individual or tribunal to determine the amount, or the manner of ascertaining it. The justice had allowed, as part of the costs, witnesses' fees at the amount taxable in courts of record. The court, without looking into the question as to the correctness of the items, holds

---

Robbins *v.* Gorham.

---

that "it is plain that the justice possesses all needful authority to decide upon *the amount of the costs, as incidental and absolutely necessary to enable him to issue the warrant at all, which the statute requires him to do;* and the determination being a judicial act, that no action could be maintained for enforcing it by process."

As a necessary incident, justices' courts, by authority of the common law, possessed the power to punish for contempts committed in the face of the court. (*Sparks* v. *Martin, Ventris,* 1. *Limus* v. *Bentham,* 2 *Bay,* 1. 1 *Str.* 420. 10 *John.* 393. *Moore* v. *Ames,* 3 *Caines,* 176.) Prior to the revised statutes this power was neither defined, nor the manner of exercising it regulated, by statute. (*See Revisers' Notes to* 2 *R. S. p.* 199, § 274, *&c.*)

The power to punish for contempt was not only incidental, but the mode of enforcing it was also necessarily so. Yet the right of the magistrate to arrest the guilty party, to hold him to a summary trial, and to commit him by warrant on conviction, was unquestionable. Had the power to punish for such contempts been expressly conferred by statute without declaring the mode of exercising it, there can be no doubt that the law would have given the justice, as a necessary incident, full authority to use the ordinary and appropriate process.

In criminal contempts, the power of justices to punish is now defined by statute, and the manner of exercising it prescribed. In the class of contempts that we are considering, the power to punish is clearly conferred; and the most that can be said is, that the legislature have omitted to regulate or prescribe the mode of using it.

Since the legislature have granted the power to fine a defaulting witness or juror, and required, as a condition to its exercise, that he shall be "*present*" before the justice, and "have an opportunity to be heard against the imposition of the fine," it is no departure from sound principle to hold that by necessary implication the justice may use the adequate

process of his court to bring him into his presence and give him such opportunity. This may be either by a summons or attachment of the person; but if a reasonable summons be disregarded, there is no sound objection to the attachment against the person, which is but another name for a warrant.

The 276th section of the act concerning courts held by justices of the peace, (2 *R. S.* 273,) is as follows: "No person shall be punished for a contempt, before a justice, until an opportunity shall have been given him to be heard in his defense, and for that purpose a justice may issue a warrant to bring the offender before him." This section is in immediate connection with the provisions relating to criminal contempts, but its language is broad enough to cover every kind of contempt of which the court may take cognizance. If its true construction would reach the case of a delinquent witness or juror, then process by warrant is expressly given, and the intermediate summons can work no prejudice. Certainly the respondent cannot complain that the justice gave him notice by summons to appear and show his excuse, before resorting to the more effective process.

Our examination of the questions involved in this case, leads us to the following results:

*First.* That the justice had jurisdiction expressly conferred by statute, of the *subject matter* of the default of the respondent as a juror, with authority to try the question, summarily, and impose the fine, he being present and having an opportunity to be heard.

*Second.* That the justice had authority to issue the process of his court requisite to secure the "presence" of the respondent, and had jurisdiction of his person on his being brought before him by the warrant or attachment. And

*Third.* That the proceedings of the justice, on hearing the case and imposing the fine, were judicial, and cannot be overhauled in an action against him; but are subject to review only by further proceedings in the same matter. (*See Moore* v. *Ames,* 3 *Caines,* 170; *Weaver* v. *Devendorf,* 3 *Denio,* 117;

*Horton* v. *Auchmoody,* 7 *Wend.* 200; *Foster* v. *Hazen,* 12 *Barb.* 547.)

The execution issued by the justice was in conformity to the statute, and authorized the levy and sale of the respondent's property. The appellant established a complete justification, and the judgment of the county court, and of the justice, should be reversed.

Judgment reversed.

[ERIE GENERAL TERM, February 8, 1858. *Davis, Greene* and *Marvin,* Justices.]