ISAACS *v.* MINTZ.

LEVY *v.* SAME.

</div>

*(Common Pleas of New York City and County, General Term.* January 5, 1891.)

SETTING ASIDE EXECUTION SALE.

    A levy and sale under an execution will not be set aside on motion on the ground that the name of defendant in the proceedings, judgment, and execution is not his real name, where it appears on the motion that he is equally well known by both names, even though there was no allegation to that effect in the original complaint. Affirming 11 N. Y. Supp. 423.

Appeal from city court, general term.

Motion by Wilbur F. Treadwell, a receiver appointed in supplementary proceedings against the defendant, Israel Mintz, to set aside levies and sales under executions in actions against said defendant under the name of Isaac Mintz, and that the plaintiffs therein pay over to the receiver the proceeds of such sales, on the ground that the sales were void by reason of such misnomer. The receiver appeals from an order of the general term of the city court affirming an order of the special term denying his motion. See 11 N. Y. Supp. 423.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Norwood & Coggeshall,* (*Carlisle Norwood, Jr.*, of counsel,) for appellant. *Herman Joseph,* (*Arthur Furber*, of counsel,) for respondents.

DALY, C. J. The city court found upon the facts before it that the defendant, Mintz, was equally well known by the name of Isaac and Israel, and held therefore that there was no misnomer in the proceedings and process. There was abundant evidence to sustain this conclusion. The defendant's wife swore that some persons called him "Isaac," and, although she could

not recollect any particular person who did so in her presence, the value of her testimony was not thereby destroyed. The defendant admitted to the deputy-sheriff that his name was Isaac. He stated, when served with the summons, that his name was Isaac; and the affidavit of Haymen Levy says that in Hebrew the names of "Isaac" and "Israel" are interchangeable. The appellant, however, claims that, if the defendant were equally well known by both names, the fact should have been alleged in the complaint, and the defendant should have been sued under one of the names with an *alias*. This was not necessary. If a man be known by two names, he may be sued by either, and process against his property or his person in such an action may be justified by showing that he was equally well known by both names. In *Gurnsey* v. *Lovell*, 9 Wend. 319, SAVAGE, C. J., says: "The defendants could not justify the arrest of the plaintiff by a wrong name though he was the person intended to be arrested, unless he was known as well by one name as the other;" citing *Mead* v. *Haws*, 7 Cow. 332, in which he said it was decided in *Shadgett* v. *Clipson*, 8 East, 328, that the defendant could not justify an arrest of the plaintiff by a wrong name though he was the person intended to be arrested, unless it was shown that he was known by one name as well as the other; and reference was made to the case of *Griswold* v. *Sedgwick*, 6 Cow. 456, where SUTHERLAND, J., cited and followed *Cole* v. *Hindson*, 6 Term. R. 234, in which Lord KENYON remarked that the defendants were not justified in seizing the goods of Aquila Cole under a *distringas* against Richard Cole; and that the averment in the plea that Aquila and Richard were the same person did not assist the defendants, as they had not also averred that the plaintiff was known as well by one name as by the other. In *Farnham* v. *Hildreth*, 32 Barb. 277, all the foregoing cases were cited, and the decision in *Cole* v. *Hindson*, quoted; and ALLEN, J., says: "It is well settled that a defendant in an action for false imprisonment cannot justify the arrest of the plaintiff by a wrong name though he is the person intended to be arrested, unless it is shown that he is as well known by one name as the other." From these cases it appears that even though the defendant be sued by a name not his real one, and his property or his person be taken by process in such a name, yet, in an action for tresspass or false imprisonment, such process would be justified by showing that he was equally well known by both names. It is nowhere stated that in the original action both names must be set forth. It is the language used in *Cole* v. *Hindson*, in regard to what is necessary in the plea of justification, which the appellant here wrongly interprets as holding that there must be the same averment in the original complaint. The city court decided correctly, therefore, in holding that the executions were not void, because the defendant was named therein as Isaac Mintz, and not as Israel Mintz, the court being satisfied that he was equally well known by both names.

The question of fraud was also properly disposed of. It would not be advisable to try such an issue upon a motion. The receiver has his action to set aside the judgment of these plaintiffs on the ground that the debts were fictitious, if he is disposed to try that issue. We think he loses no right in that respect by this decision. The order appealed from should be affirmed, with costs. All concur.