(Supreme Court, Special Term, New York County. March, 1899.)

PLEADING—AMENDMENT OF COURSE.

Under Code Civ. Proc. § 542, providing that "within twenty days after a pleading, or the answer or demurrer thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party of course," a complaint cannot be amended as of course within 20 days after service of a reply to defendant's counterclaim.

Action by Charles F. Holm and another against James Appleby. On motion to compel defendant to accept service of amended complaint. Denied.

The complaint was served on November 11, 1898; the answer, containing a counterclaim, on January 14, 1899; and the reply on February 1st following. On the 21st day of the last-mentioned month an amended complaint was served by mail, which was subsequently returned upon the ground that the time to serve had expired. The plaintiff then made this motion.

Paul B. Scarff, for the motion.
Hawke & Flannery, opposed.

GIEGERICH, J. There seems to be no reason to doubt the plaintiff's good faith, and the only point in dispute is as to whether the complaint could be amended, as of course, under section 542 of the Code of Civil Procedure, within 20 days after service of plaintiff's reply to the defendant's counterclaim. I am clearly of the opinion that it could not. The obvious purport of the statute is that a party may amend his pleading before or within 20 days after his opponent pleads to that pleading. When the time for joining an issue of law or fact upon a pleading has expired, and issue is joined, there is no authority for an amendment of such pleading merely because issues upon a subsequent pleading by the same party may not have been concluded. If plaintiff's practice is proper, it would also be permissible for a plaintiff to demur to the answer, and then amend the complaint within 20 days after service of the demurrer, but this course is not supported by section 542, nor by any authority. The case of Seaman v. McClosky, 23 Misc. Rep. 445, 53 N. Y. Supp. 554, cited by plaintiff, holds merely that the amendment of the answer may follow the reply, which is no more than in strict accord with the statute.

Motion to compel acceptance of service denied, with $10 costs.

---

(39 App. Div. 190.)

DESMOND v. CRANE.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. APPEAL—REVIEW—RIGHT TO COMPLAIN.

Defendant cannot complain, on appeal, that the judgment was not for the full amount claimed by plaintiff.

2. JUSTICES OF THE PEACE—LOCAL COURTS—JURISDICTION.

The Auburn City Charter (Laws 1879, c. 53, § 62, as amended) provides that the justice of the peace elected by the city at large shall have juris-

diction in civil actions cognizable by law in the justices' courts of the town, except that within the city the city court shall have exclusive jurisdiction as against said justice. *Held,* that such jurisdiction is conferred on the justice as justices of towns have, so that it extends to persons served with process within the county, outside the city.

3. SAME—LEGISLATIVE POWER.

Const. 1846, art. 6, § 14, as amended by Const. 1869, art. 6, § 19, provides that inferior local courts may be established by the legislature. Const. 1846, art. 6, § 17, as amended by Const. 1869, art. 6, § 18, provides that justices of the peace shall be elected in different cities in the state in such manner and under such powers as shall be prescribed by law. *Held,* that the legislature had power to confer on a justice of the peace of a city jurisdiction of persons served with summons outside the city and within the county.

Appeal from Cayuga county court.

Action by Mary Desmond against Ella E. Crane. A judgment for plaintiff in justice's court was affirmed by the county court, and defendant appeals. Affirmed.

This action was begun October 2, 1897, by the service on the defendant, at the town of Moravia, in the county of Cayuga, N. Y., of a summons, issued September 29, 1897, by Danforth R. Lewis, a justice of the peace of the city of Auburn. On the return day of the summons, October 9, 1897, the plaintiff appeared, and filed a complaint, in which it was alleged that the defendant was indebted to the plaintiff in the sum of $156.40 for services rendered. The defendant appeared specially, and objected to the jurisdiction of the court, on the ground that the summons was served, not in the city of Auburn, but in the town of Moravia, Cayuga county, N. Y., which objection was overruled. The defendant excepted, and then filed an answer denying all the allegations in the complaint, and set up a counterclaim for $25, money had and received by the plaintiff from the defendant in 1896. After a trial before the justice, without a jury, he rendered a judgment for $40.50 damages, with costs, from which the defendant appealed to the county court, where the judgment was affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Wing T. Parker, for appellant.

Oscar Tryon, for respondent.

FOLLETT, J. On the merits there is no occasion for disturbing the judgment rendered in the justice's court and affirmed by the county court. The evidence was sufficient to authorize a judgment for the amount recovered, and the fact that it was not much more, which the plaintiff claimed was her due, is not an error of which the defendant can complain.

The only question to be considered is, had the justice's court jurisdiction of the defendant? The city of Auburn and the town of Moravia are in the county of Cayuga. The justice before whom the judgment was recovered is a justice of the peace of the city of Auburn, and it is asserted by the appellant that he has no jurisdiction over a defendant upon whom a summons is served outside of the city of Auburn, which is one of the cities of this state existing under a revised charter. Laws 1879, c. 53. By section 4 of this charter it is provided:

"The elective officers of said city shall be * * * a justice of the peace, * * * to be elected by the city at large."

By the fifth section of the charter his term of office is fixed at four years. By the sixty-second section of the charter, as amended by chapter 182 of the Laws of 1881, the jurisdiction of the justice of the peace is thus prescribed:

"The justice of the peace shall have jurisdiction in civil actions and proceedings cognizable by law in justices' courts of towns, whether commenced by warrant, attachment, summons or otherwise, or whether on contract or otherwise, except that within the city of Auburn the city court shall have exclusive jurisdiction as against said justice of the peace, as provided in section two of this act, and the process, pleadings, practice, costs, judgments, and all proceedings thereon shall be the same as in justices' courts in towns. * * * The justice of the peace when so acting shall be entitled to demand and receive for his own use the fees prescribed by law for justices of the peace, to be paid by the parties to the actions he shall so try."

The first question presented is, did the legislature, by the charter of the city of Auburn, intend to provide that the justice of the peace of the city should have the same jurisdiction as justices of the peace of towns, except as limited, or did the legislature intend that the court which the justice of the peace was authorized to hold should be a "local court," and without jurisdiction to send its processes into the towns of the county of Cayuga?

Two local courts are created by the charter of the city of Auburn: (1) The "recorder's court," possessing criminal jurisdiction within the city, and "exclusive jurisdiction as against the city judge and justice of the peace within the city in all criminal matters and violations of city ordinances." Section 53, as amended by chapter 536 of the Laws of 1895. (2) The "city court of the city of Auburn," having civil jurisdiction within the city, which is presided over by the city judge. Section 55, as amended by chapter 232 of the Laws of 1880 and chapter 633 of the Laws of 1887. "Within the city of Auburn the city court shall have exclusive jurisdiction as against said justice of the peace." Section 62, as amended by chapter 182 of the Laws of 1881. The justice of the peace has no jurisdiction of civil cases arising in the city of Auburn, except in summary proceedings to recover the possession of real estate, he having in such cases concurrent jurisdiction with the city court (section 53, as amended by chapter 633 of the Laws of 1887); and in case the city judge is unable to dispose of the cases pending in the city court, the justice may be directed to try any of such pending cases; also, in case the recorder and the city judge are unable to act, then the justice of the peace may act as recorder (section 54).

Unless the legislature intended to confer jurisdiction upon the justice in such civil actions as justices of the peace of towns have jurisdiction of, the language of the sixty-second section of the charter, above quoted, is meaningless. It seems to me plain that the court which the justice of the peace of the city of Auburn is authorized to hold is not a "local court," within the constitution, and that its jurisdiction was not intended to be limited to persons who might be served with process in the city of Auburn, but extends to such persons as may be served with process within the county of Cayuga, and that the legislature intended to confer upon this officer the same jurisdiction that justices of the peace of towns have, ex-

cept as his jurisdiction over cases arising within the city is limited by the charter.

Had the legislature power, under the constitution, to confer upon the justice of the peace of the city of Auburn the same jurisdiction that justices of the peace of towns have? The constitution of 1846 (article 6) contained the following provisions in respect to "local courts" and justices of the peace:

"Sec. 14. Inferior local courts of civil and criminal jurisdiction may be established by the legislature in cities; and such courts, except for the cities of New York and Buffalo, shall have an uniform organization and jurisdiction in such cities."

"Sec. 17. The electors of the several towns shall, at their annual town meeting, and in such manner as the legislature may direct, elect justices of the peace, whose term of office shall be four years. * * * Their number and classification may be regulated by law."

In November, 1869, the amendments to the constitution proposed by the constitutional convention of 1867–68 were submitted to the electors of this state, and rejected, except article 6,—the judiciary article,—which was adopted. By the amended judiciary article the provision quoted from section 14 above was made section 19 of article 6, and amended so that it read as follows:

"Sec. 19. Inferior local courts of civil and criminal jurisdiction may be established by the legislature; and except as herein otherwise provided, all judicial officers shall be elected or appointed at such times, and in such manner, as the legislature may direct."

By the amended judiciary article adopted in November, 1869, the above-quoted provisions of section 17 of article 6 were unchanged, but that section was made section 18, and the following provision added:

"Sec. 18. Justices of the peace and district court justices shall be elected in the different cities of this state, in such manner, and with such powers, and for such terms, respectively, as shall be prescribed by law; all other judicial officers in cities, whose election or appointment is not otherwise provided for in this article, shall be chosen by the electors of cities, or appointed by some local authorities thereof."

By the amended constitution, ratified November 6, 1894, section 18 was numbered 17, and was unchanged, in so far as it relates to the question now before the court. Section 19 of article 6 of the amended constitution of 1869 was, by the amended constitution ratified November 6, 1894, numbered section 18 of article 6, and amended so that it reads as follows:

"Sec. 18. Inferior or local courts of civil and criminal jurisdiction may be established by the legislature, *but no inferior local court hereafter created shall be a court of record. The legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article.* Except as herein otherwise provided, all judicial officers shall be elected or appointed at such times and in such manner as the legislature may direct."

The amendment of 1894 is printed in italics. The foregoing are all the constitutional provisions which relate to the power of the legislature to provide for the election of a justice of the peace in the city of Auburn, and prescribe his jurisdiction. Of course, the provisions of the amended constitution of November, 1894, have no

bearing on the power of the legislature to provide in 1879 for a jus-
tice of the peace of the city of Auburn with extraterritorial jurisdic-
tion, but they are given so as to call attention to all of the constitu-
tional provisions relating to this much debated question.

Under section 18 of the sixth article of the constitution, as
amended in 1869, which was in force when the revised charter of
the city of Auburn was enacted, the legislature had power to invest
the justice of the peace of that city with the jurisdiction of justices
of the peace of towns; and it follows that the summons was prop-
erly served in the town of Moravia, and that the justice acquired
jurisdiction of the defendant in this action.   Section 18 reads:

"Justices of the peace   *   *   *   shall be elected in the different cities of
this state, in such manner, and with such powers, and for such terms, respect-
ively, as shall be prescribed by law.   *   *   *"

This provision in express terms authorized the legislature to vest
justices of the peace of cities with the jurisdiction conferred on the
justice of the peace of the city of Auburn by the 62d section of its
charter.

The appellant refers to Baird v. Helfer, 12 App. Div. 23, 42 N. Y.
Supp. 484, and Ziegler v. Corwin, 12 App. Div. 60, 42 N. Y. Supp.
855, as sustaining her contention.   The statute under consideration
in those cases attempted to confer extraterritorial jurisdiction upon
the municipal court of the city of Rochester, a strictly local court,
and it was held that, in so far as the statute attempted to do this,
it was unconstitutional, and that section 3226 of the Code of Civil
Procedure, which declared that the municipal court should be
deemed a justice's court, and each judge thereof a justice of the
peace, was also unconstitutional, because it attempted to do by in-
direction that which the constitution forbade the legislature to do
directly.   These cases followed Pierson v. Fries, 3 App. Div. 418,
38 N. Y. Supp. 765, which held that the legislature could not confer
extraterritorial jurisdiction upon a local court.

In Ostrander v. People, 29 Hun, 513, the question arose whether
a justice of the peace of the city of Rome, provided for by its charter,
enacted in 1870, was a justice of the peace of the county of Oneida,
and competent to be a justice of the sessions; and it was held that
the legislature had power under the constitution, as amended in
1869, to provide that a justice of the peace of a city should have and
exercise the jurisdiction of justices of the peace of towns.   This case
was affirmed June 3, 1884, by default, by the court of appeals (Peo-
ple v. Bork, 96 N. Y. 198), and, so far as I know, it has never been
questioned.

I think the judgment should be affirmed, with costs.   All concur.