(41 Misc. Rep. 429.)

PEOPLE ex rel. ALDHOUSE v. McCARTHY, Justice of the City Court, et al.

(Supreme Court, Special Term, New York County. October, 1903.)

1. CONTEMPT—SUPPLEMENTAL PROCEEDINGS—JURISDICTION.

     A judgment was recovered in the Municipal Court against a defendant named as Herbert Oldhaus. On supplemental proceedings he was found in contempt for not submitting to an examination as ordered, and moved to vacate the order claiming that he had never been served with summons, that he had been sued by the wrong name, and that his right name was Aldhouse. The motion was denied on proof of service, and that he used the two names interchangeably. *Held*, that the City Court did not exceed its jurisdiction in adjudging the debtor in contempt, and a writ of prohibition restraining the enforcement of the order to that effect would not issue.

Application by the state, on the relation of Herbert Aldhouse, for writ of prohibition to John Henry McCarthy, justice of the City Court, and others. Writ denied.

Reno R. Billington, for relator.

A. B. Schleimer, for respondents.

BISCHOFF, J. The relator, proceeded against in supplementary proceedings upon a Municipal Court judgment in which the defendant was named as Herbert Oldhaus, has obtained an alternative writ of prohibition to restrain the making, entry, and enforcement of an order of the City Court adjudging him in contempt for failure to attend and submit to an examination. His challenge of the City Court's jurisdiction is founded upon the assertion that the judgment sought to be enforced was absolutely void, both for failure of service of the summons, and because he was sued, as he claims, by a wrong name.

From the return made by the respondents, it appears that the relator had made a motion in the City Court to vacate the order for his examination upon the grounds of invalidity which he now asserts; the question of fact being then presented to the court upon affidavits showing on behalf of the judgment creditor that the relator was actually served with the summons, and that he was known by the names Oldhaus and Aldhouse interchangeably, through his own use of both forms of spelling. Upon this proof the justice of the City Court, to whom the motion was addressed, decided in favor of the regularity of the proceedings upon the merits. The record itself was in no way defective, since it contained proof, by affidavit of a marshal, that the defendant to the Municipal Court action had been served, and the proceedings subsequent to the execution were entitled in the name of that defendant.

The contempt proceedings, which are sought to be enjoined, are founded upon the relator's disobedience of the order made upon the hearing referred to, and it is quite obvious that there is no room for a writ of prohibition here. If, in fact, the relator had not been served with process, or had been sued by the wrong name, the judgment taken by default would be a nullity. Schoellkopf v. Ohmeis, 11 Misc. Rep. 253, 32 N. Y. Supp. 736; McGill v. Weill, 19 Civ. Proc. R. 43, 10

N. Y. Supp. 246. But his mere assertion of the fact did not deprive the City Court of jurisdiction, when the record was in form sufficient. The absence of jurisdiction depended upon the truth of his assertion, and the City Court had the power to decide the question of fact upon proof sufficient for judicial cognizance. Isaacs v. Mintz, 16 Daly, 468, 12 N. Y. Supp. 276. It did decide the question of jurisdiction thus raised, within its jurisdiction over the general subject of proceedings supplementary to execution; and, the matter alleged in the return being accepted as true because not traversed (Code Civ. Proc. § 2099), the case presents no feature of an arrogation of jurisdiction, or excess in the exercise of jurisdiction, within the office of this writ (People ex rel. Jones v. Sherman, 66 App. Div. 231, 72 N. Y. Supp. 718). Motion for absolute writ of prohibition denied, and writ dismissed, with $25 costs.

Motion denied and writ dismissed, with $25 costs.