LUDWIG LANTZ, Respondent, *v.* CALVIN GALPIN, Appellant.

(County Court, Steuben County, July, 1904.)

**City of Hornellsville — Its justice's court is not an "inferior local court", as defined in the Constitution — Its jurisdiction.**

Section 12, added to title six of the charter of the city of Hornellsville (L. 1888, ch. 40) by L. 1889, ch. 125, providing that its justices shall have the same jurisdiction as justices of the peace of the several towns of the State and where either or both of the parties reside in any of the towns of Steuben county adjoining the *town* of Hornellsville, is a valid enactment under section 18 of article VI of the State Constitution, as amended in 1869 — in force when the charter of Hornellsville was enacted — authorizing justices of the peace to be elected in the different cities of the State in such manner and with such powers and for such terms, respectively, as shall be provided by law.

Service of a summons on a defendant residing in a town adjoining the town of Hornellsville — out of which the city was erected — in that adjoining town, confers jurisdiction upon the justice of the peace of the justice's court of the said city therein residing who issued the summons.

The said justice's court is not an "inferior local court" within the meaning of section 18 of article VI of the State Constitution.

APPEAL by the defendant from a judgment rendered on the 24th day of February, 1904, in favor of the plaintiff, and against the defendant, for seventeen dollars and seventy-five cents, damages and costs.

J. B. Hargraves (Almon W. Burrell, of counsel), for appellant.

Whiteman & Hill, for respondent.

CLARK, J.  The questions of fact in this case were correctly disposed of by the justice, and there were no errors in the reception and rejection of evidence which call for a reversal of the judgment, so the only question is as to whether or not the justice before whom this action was tried had juris-- diction to entertain it, the defendant being a resident of the town of Canisteo, and the summons having been served on him in that town, while the justice before whom the case was tried was a resident and officer of the city of Hornellsville.

Cases similar to this have frequently been before the courts, and it would seem by this time that the law on the precise point involved here should be well understood.  In my opinion there is not the slighest doubt but that the justice had jurisdiction of this case, and that the charter of the city of Hornellsville under which the office of justice of the peace in that city was created involves no provision which is in violation of the Constitution of the State of New York.

Section 12 of title 6 of the amended charter of the city of Hornellsville provides. as follows:  " The justices of the peace of said city shall have and exercise all the powers, authority and jurisdiction, and discharge all the duties, and be entitled to the fees and compensation of justices of the peace of the several towns of this State, except as modified by this act.  And all laws applicable to justices of the peace of the several towns, and to their official acts, duties, powers and liabilities shall apply to the justices of the peace of said city, and to their official duties and powers, excepting as modified by this act.  Said justices shall also have jurisdiction in cases where either or both of the parties reside in any of the towns of Steuben county adjoining the *town* of Hor- nellsville."   Laws of 1888, chap. 40, as amd. by Laws 1889, chap. 125.

The authority for enacting that legislation is section 17 of article VI of the Constitution. of the State of New York, which is precisely like the judiciary article of the Constitu-

tion adopted in 1869, but which was there called section 18 of article VI, and which was in force when the charter of Hornellsville above quoted was adopted.

Section 17 of article VI of the Constitution provides that justices of the peace and district court justices may be elected in the different cities of this State in such manner, and with such powers and for such terms respectively, as are or should be prescribed by law.

Justices of the peace for cities are here provided for, and their courts are very different from the inferior local courts provided for in the very next section of article VI of the Constitution (§ 18).

The latter would be local courts, and their powers cannot be extended outside of the city, as is the case with the City Court of Auburn. Armstrong v. Kennedy, 23 Misc. Rep. 47.

For instance, if there was a City Court in Hornellsville, established under section 18 of article VI of the Constitution, it would be an inferior local court, and its civil jurisdiction would be limited to the city as is the case now with reference to the jurisdiction of the Recorder's Court.

It is clear that the Legislature intended to provide that the justices of the peace of the city of Hornellsville should have the same jurisdiction as justices of the peace in the several towns of Steuben county. This the Legislature in my opinion had the power to do. Const. N. Y., art. VI, § 17.

And a justice's court in Hornellsville is not an inferior local court, such as could be created by section 18 of article VI, it being evident that the Legislature, in providing for justices of the peace in Hornellsville, was acting under the authority of section 17 of article VI of the Constitution, which was numbered section 18 of article VI of the Constitution of 1869 in force when the amended charter of Hornellsville, above quoted, was passed.

If the justices' courts in the city of Hornellsville were merely inferior local courts, the people of that city, who had occasion to use justices' courts for the collection of small accounts and for the settlement of minor disputes, would be obliged to go outside of the city for a court of competent jurisdiction.

The Legislature could not have intended any such inconvenience to the people of the city, and a reference to the city charter is the sufficient answer to that proposition, for it distinctly states that: " The justices of the peace of said city shall have 'and exercise all the powers, authority and jurisdiction, and discharge all the duties, and be entitled to the fees and compensations of justices of the peace of the several towns of this State." And it further states that: " Said justices shall also have jurisdiction in cases where either or both of the parties reside in any of the towns of Steuben county adjoining the town of Hornellsville." Laws of 1884, chap. 149, as amd. by Laws of 1889, chap. 125.

That language is clear and easily understood. It was the intention of the Legislature to give to the people of Hornellsville justices' courts, with jurisdiction similar to that of justices' courts of the towns, and it had a clear right to do this under the Constitution. Art. VI, § 17.

Canisteo, where the defendant resided, and where the summons in this case was served, adjoined the *town* of Hornellsville, and out of which the city of Hornellsville was erected, and it seems reasonable to assert, that if the Legislature had intended that the jurisdiction of justices of the peace of the city of Hornellsville should be limited to cases where one or both of the parties resided in any town or towns of Steuben county adjoining the *city,* instead of the town, that language would have been adopted.

I have examined the numerous cases cited by the learned counsel for the appellant, but I cannot see that any of them can be considered an authority here, for the facts in each of the cases are not similar to the facts in the case at bar.

I am very clearly of the opinion that the case of Desmond v. Crane, 39 App. Div. 190, must be controlling here.

That the courts of justices of the peace of Hornellsville are not inferior local courts, but that the Legislature had power under the Constitution to provide for the justices of the peace in Hornellsville jurisdiction similar to that of justices of the peace of the towns, and that such was the intention of the Legislature in passing the amended charter of the city, above quoted.

The interesting cases of Armstrong v. Kennedy, 23 Misc. Rep. 47, and Shaeffer v. Steadman, 24 id. 267, are in line with the foregoing conclusions.

If I am correct in these views, it follows that the judgment appealed from must be affirmed.

Judgment affirmed, with costs.

---

John F. Cahill, Plaintiff, *v.* Joseph F. Hogan, as Mayor of the City of Troy; John T. Norton, as Corporation Counsel of the City of Troy; William H. Gearin, as Comptroller of the City of Troy; Philip Casey, as Commissioner of Public Works of the City of Troy, and Thomas F. Dougherty, as President of the Common Council of the City of Troy, together Assuming to Act as the Municipal Improvement Commission of the City of Troy, Defendants.

(Supreme Court, Albany Special Term, July, 1904.)

Local bill amendatory of a prior act — What matters constitute limitations of the extent to which the body of the amending act may amend the prior statute — The subject must be expressed in the title — When water bonds violate the Constitution, Art. VIII, § 10.

Where a local bill — the primary purpose of which as stated first in its title, is to amend a prior act relative to the government of a city, create a municipal improvement commission and define its duties and power — states, in the second and third portions of its title, matters germane to the said primary purpose, the amendment of the prior act, these matters constitute specifications of the particulars in which the prior act is proposed to be amended, and limit the extent to which the body of the amending act may amend the prior statute.

Where, in addition to the matters thus specifically set forth in the title of the amending act, its body contains a provision changing the personnel of the commission — a purpose nowhere set forth in the title of the amending act — so much of it as makes this change is void because it violates the constitutional requirement, article III, section 16, that the subject of a local bill must be expressed in its title.