### SUTPHEN v. CLARK.

(Supreme Court, Appellate Division, Fourth Department.   May 8, 1907.)

JUSTICES OF THE PEACE—JURISDICTION.

> The city of Lockport lies entirely within the town of Lockport, and under its charter each justice of the peace has the same territorial jurisdiction as though "said city constituted a part of the town." Under Code Civ. Proc. § 2869, a nonresident may maintain an action before a justice only in the town of defendant's residence or an adjoining one. *Held*, that a nonresident may not maintain an action in a city justice court against a resident of a town adjoining the town of Lockport, but not the city.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, § 71.]

Appeal from Niagara County Court.

Action by Jennie C. Sutphen against George E. Clark. From a judgment of the Niagara County Court, reversing a justice court judgment for plaintiff, and from an order directing judgment, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Henry M. Davis, for appellant.
David Millar, for respondent.

ROBSON, J. The only question to be determined on this appeal is presented by reason of a difference of opinion of the parties as to the meaning of and construction to be given to that portion of the charter or legislative enactment continuing the reconstructed municipal corporation known as the city of Lockport, which designates the powers and limitations of justices of the peace for that city who have been qualified under the provisions of that statute to act as such judicial officers.

The corporation lines of the city of Lockport are wholly within the town of Lockport, from the interior of which town the territorial extent of the city has been entirely taken. The city, therefore, adjoins

only the town of Lockport. The provision of the present charter of the city, prescribing the jurisdictional limits of the city's justices of the peace, is found in section 76, c. 120, p. 224, Laws of 1886, and is that each justice of the peace of the city "shall have the same territorial jurisdiction as if said city constituted a part of the town of Lockport." Under the provisions of subdivision 2, § 2869, of the Code of Civil Procedure, a nonresident plaintiff can maintain an action before a justice only "in the town where the defendant resides or in any adjoining town thereto." In this case the plaintiff was a nonresident, and the defendant resided in the town of Newfane, which adjoins the town, but not the city, of Lockport. The action, therefore, was not brought either in the town in which defendant resided or in a town adjoining thereto. Plaintiff seeks to support the judgment, which she obtained in justice court, claiming that the provision of the charter above quoted endows a justice of the peace of the city of Lockport with jurisdiction in every case of which a justice of the peace of the town would have cognizance, and with power in every particular to hear, try, and determine the same which such a justice would have.

This provision of the city's charter was before this court for consideration in the case of Gould v. Mahaney, 39 App. Div. 426, 57 N. Y. Supp. 363; and, although the exact point now presented was not then before the court for determination, it is clearly pointed out in the opinion delivered in that case that the intent of the Legislature, expressed in this provision, "was to make it certain that the jurisdiction of the official was to embrace the entire county." Page 428 of 39 App. Div., page 363 of 57 N. Y. Supp. This being the intended effect of the provision, it is not permissible to enlarge its operation to the extent which plaintiff urges it should be, with the result that greater powers and ampler jurisdiction would, in that view, be conferred on justices of the peace in the city of Lockport than those possessed by justices in the towns.

The judgment and order appealed from should be affirmed, with costs to respondent.

Judgment and order affirmed, with costs. All concur.