(82 Misc. Rep. 629.)

PEOPLE ex rel. HEMINWAY v. BOSTLEMANN, City Judge, et al.

(Supreme Court, Special Term, Steuben County. November 22, 1913.)

1. BASTARDS (§ 35*)—JURISDICTION—REPEAL—SPECIAL AND GENERAL STATUTES.

Corning City Charter (Laws 1905, c. 142), effective April 6, 1905, provided that city judges should have the same jurisdiction in bastardy proceedings as a justice of the peace, but need not associate other magistrates, and Code Cr. Proc. § 840, a general statute, effective September 1, 1905, provided that in such proceedings the overseer of the poor should apply to a justice of the peace to inquire into the facts of the case. *Held*, that the two statutes were not repugnant, and hence that there was no repeal of the charter provision.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 80–90; Dec. Dig. § 35.*]

2. PROHIBITION (§ 3*)—RIGHT TO RELIEF—REMEDY BY APPEAL.

Where any question as to the jurisdiction of a city judge in affiliation proceedings could be raised and settled on appeal, he should not be held up by prohibition; that being a preventive process never to be resorted to except where absolutely necessary to protect a party's rights.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. § 3.*]

3. BASTARDS (§ 35*)—JURISDICTION—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Corning City Charter (Laws 1905, c. 142), giving a city judge the same jurisdiction in bastardy proceedings as a justice of the peace, and not requiring him to associate other magistrates, is not unconstitutional as enlarging the jurisdiction of an inferior local court, but is within the authorization of Const. art. 6, § 17, providing for the election of justices of the peace in towns and justices or judges in cities, with such powers and for such terms as may be prescribed by law, and section 18, providing that inferior, local courts of civil or criminal jurisdiction may be established by the Legislature.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 80–90; Dec. Dig. § 35.*]

Prohibition by the People, on the relation of Herbert A. Heminway, against John C. Bostlemann, City Judge of the City of Corning, and others. Denied, and alternative writ dismissed.

Monroe Wheeler, of Bath, for relator.
Claud V. Stowell, Dist. Atty., of Corning, for defendant City Judge.
James O. Sebring, of Corning, for defendant Overseer of the Poor.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARK, J. The return to the alternative writ of prohibition heretofore issued in this matter shows that on the 25th day of October, 1913, relator was arrested in bastardy proceedings, on a warrant issued by the city judge of the city of Corning, and, on being taken before that official, entered a plea of not guilty, and at his request the matter was adjourned to November 3, 1913; the city judge not having associated another magistrate with him in the proceeding.

Relator has obtained an alternative writ of prohibition, and asks to have the city judge restrained from proceeding with the case, on the ground that he has no jurisdiction because section 840 of the Code of Criminal Procedure, which went into effect September 1, 1905, provides that in bastardy cases the overseer of the poor "must apply to a justice of the peace or a police justice in the county to inquire into the facts of the case," and that the city judge of Corning is not a justice of the peace or a police justice, and did not associate with him another magistrate.

[1] The Charter of the City of Corning (chapter 142 of the Laws of 1905) went into effect April 6, 1905, and, referring to the powers of the city judge, it provides as follows:

"Said city judge shall have the same jurisdiction and authority as the justice of the peace in bastardy proceedings under the laws of this state, but shall not be required to associate with himself another magistrate."

The Code of Criminal Procedure, of which section 840, above quoted, is a part, is a general statute, and it is not repugnant to the section of the Corning City Charter above referred to, and, although it went into effect after the city charter was adopted, it does not either expressly or by implication repeal it. These two statutes should be read together, and the special statute is not repealed by a subsequent general statute, unless the intent to repeal it is manifest. Grimmer v. Tenement House, 204 N. Y. 370, 97 N. E. 884; People ex rel. N. Y., N. H. & H. R. R. Co. v. Willcox, 200 N. Y. 423, 94 N. E. 212.

[2] But if there was a question as to the jurisdiction of the city judge in this matter, it could be raised and settled by appeal, and in such a case the lower court should not be held up by an absolute writ of prohibition. Such a writ is a preventive process, and should never be resorted to except in cases where it is absolutely necessary to protect a party's rights, and where they cannot be safeguarded by appeal. People ex rel. Jones v. Sherman, 66 App. Div. 231, 72 N. Y. Supp. 718; People ex rel. Aldhouse v. McCarthy, 41 Misc. Rep. 429, 84 N. Y. Supp. 1062; People ex rel. Building Co. v. Special Term, 145 App. Div. 530, 130 N. Y. Supp. 553.

[3] The learned counsel for relator urges that the provision of the Corning City Charter, above quoted, is unconstitutional, because it enlarges the jurisdiction of an inferior local court. I cannot agree with him in this contention. Section 17 of article 6 of the Constitution of the state of New York provides for the election of justices of the peace in towns and for justices of the peace and judges or justices of inferior courts for the different cities in such manner and with such powers, and for such terms as are or shall be prescribed by law, and section 18 of the Constitution provides that inferior local courts of civil or

criminal jurisdiction may be established by the Legislature. It will thus be seen by the Constitution itself the Legislature was given the power to create a court like the City Court of Corning, prescribing the powers and length of term of the city judge. Gould v. Mahaney, 39 App. Div. 426, 57 N. Y. Supp. 363; People ex rel. Holmes v. Lane, 53 App. Div. 531, 65 N. Y. Supp. 1004. In this case I think the city judge has jurisdiction specially conferred by the provisions of the city charter, and that such provisions are not unconstitutional.

It follows that the application for an absolute writ of prohibition must be denied, and the alternative writ is dismissed, but without costs.