MICHAEL KANTOR, Respondent, *v.* JOHN KWIECENSKI, Appellant.

(County Court, Oneida County, October, 1919.)

Justices' Courts — jurisdiction of — city of Utica — what may be regarded as a " town "— Code Civ. Pro. § 2869.

> For the purposes of section 2869 of the Code of Civil Procedure the city of Utica may be regarded as a " town."
> The Justice's Court of the city of Utica has jurisdiction of an action where both of the parties are residents of an adjoining town where the summons was served.

APPEAL on questions of law from a judgment of Justice's Court, city of Utica.

Charles J. Fuess, for appellant.

Leo O. Coupe, for respondent.

**164**KANTOR *v.* KWIECENSKI.

HAZARD, J. It appears that the parties to this action are both residents of the town of New Hartford, and that the process of the magistrate was served in that town. New Hartford adjoins Utica. Defendant appeals upon the theory that the justice of the peace of the city of Utica had no jurisdiction. The appeal is founded upon the theory that justices of the peace in cities differ in jurisdiction from those in towns, and that the provisions of section 2869 of the Code do not therefore apply. Three cases are relied upon mainly by the appellant, together with the somewhat numerous citations which are therein made. The three cases are: *Geraty* v. *Reid,* 78 N. Y. 64; *Darling* v. *White,* 67 Misc. Rep. 366; *Reid* v. *Stevens,* 70 id. 177.

Taking up the cases in the order named, we find that *Geraty* v. *Reid* seems to hold as claimed by the appellant, and apparently is an authority of the highest character in his support. A careful reading and consideration of that case make it apparent that the holding that justices of the peace in the city of Brooklyn could not send their processes outside of the city limits, turned upon the fact that the Constitution of 1846, which was then in effect, did not provide for the election of justices of the peace *in cities.* There was a provision authorizing the election of justices of the peace in towns, similar to the first part of the present section 17 of the Constitution. There was then, also, a provision similar to the first part of the present section 18 of the Constitution, providing for " Inferior local courts of civil and criminal jurisdiction."

The amendment to the Constitution of 1869 added the provision, now found in the latter part of section 17, providing for the election of justices of the peace " in the different cities of this State, in such manner,

and with such powers, and for such terms, respectively, as are or shall be prescribed by law.''

This amendment of the Constitution rendered the case of *Geraty* v. *Reid* obsolete, at least as to all Justices' Courts in cities which were authorized by the legislature subsequent to 1869. *Gould* v. *Mahaney,* 39 App. Div. 426; *Desmond* v. *Crane,* 39 id. 190.

The two last cited cases also clearly dispose of the second case relied upon by the appellant, *Darling* v. *White.* As a matter of fact, all that is really decided in that case is that the City Court of Binghamton could not send its processes outside of the territorial limits of that city. The City Court of Binghamton is organized pursuant to the provisions of section 18 of the Constitution, and, doubtless, as was correctly held in *Darling* v. *White,* it is ''An inferior local court.'' The case would be excellent authority if the case we are considering arose in the City Court of Utica, but it is not authority with reference to a case which arose in Justice's Court in this city.

Appellant's third case, *Reid* v. *Stevens,* assumes to decide that a distinction is to be made between justices of the peace in the cities and what it terms '' constitutional justices '' existing in the towns. The decision goes to the gist of the matter involved in this appeal, but I think the weight of authority is decidedly against the contention. It is true that justices of the peace as the office exists in the cities, and, particularly, as established by sections 4 and 22 of the revised charter of the city of Utica, are lacking in many of the powers and functions of the justices of the peace of the towns. They are not members of any town board, and they have except in rare cases no criminal jurisdiction whatever.

The question may be reduced to this: When the

legislature, by the act of 1876, established Justices' Courts in the city of Utica and assumed to say that " justices of the peace in said city shall possess the same jurisdiction of civil cases which is vested in justices of the peace in towns," did it exceed its authority? Clearly, it did not. The cases cited above, *Gould* v. *Mahaney* and *Desmond* v. *Crane,* are abundant authority upon that point, as the act was passed after the amendment of 1869. See, also, *Davis* v. *O'Day,* 137 N. Y. Supp. 411.

A possible question of legislative intent might be created, in view of the apparent confusion which exists in some of the cases, as to whether the legislature in passing the act referred to had in mind magistrates created under the present section 17, or the present section 18 of the New York Constitution. I think there is no real occasion for such a claim, as the statute refers explicitly to " justices of the peace in towns." It is doubtless true that there were " justices of the peace " in cities, before the amendment of 1869; and before that time they were subject to limitations which the constitutional amendment removed. At that time they were " inferior local officers, deriving their power under what is now section 18, and what was then section 19 of the Constitution. I think it must be assumed that when the legislature by the act of 1876 gave to the justices of the peace in the city of Utica " the same jurisdiction in civil cases which is vested in justices of the peace in towns," it meant exactly what it said. The office of justice of the peace is an ancient and well understood institution. Its jurisdiction, practice, etc., are well understood and clearly defined. The provisions with reference thereto occupy the entire 19th chapter of the Code of Civil Procedure, comprising sections 2861 to 3158 inclusive. Furthermore, there

are very substantial reasons why the legislature should have said what it did, and meant what it said, because, should any resident of a city, or the city of Utica, in particular, have a small claim against some other resident of the county living outside of the city of Utica, there is no reason in justice why he should have to go to some country town to bring his suit. *Lantz* v. *Galpin,* 44 Misc. Rep. 356.

If these conclusions are correct, it will follow· that a justice of the peace in the city of Utica had the territorial jurisdiction prescribed by section 2869 of the ·Code, and that the plaintiff in this action had a right to bring his suit in the city of Utica, as " an adjoining town." No citations are found in support of this proposition, but I believe that for the purposes of section 2869 of the Code, the city may be regarded as a town, and an action brought by a resident of New Hartford in ·the adjoining city. The judgment must therefore be affirmed, with costs.

Judgment affirmed, with costs.